**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABIOMED INC., <br><br>       Plaintiff, <br><br>     v. <br><br> MAQUET CARDIOVASCULAR LLC, <br><br>       Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT

Plaintiff Abiomed Inc. ("Abiomed"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment of Noninfringement of U.S. Patent Nos. 7,022,100, 8,888,728, and 9,327,068 (collectively, the "patents-in-suit") against Defendant Maquet Cardiovascular LLC ("Maquet") and alleges as follows:

### PARTIES

1.     Abiomed Inc. is a corporation organized under the laws of Delaware, having its principal place of business at 22 Cherry Hill Dr., Danvers, MA 01923.

2.     Upon information and belief, Maquet is a limited liability company formed and existing under the laws of Delaware with a principal place of business in Wayne, New Jersey.

### JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over Abiomed's claims for Declaratory Judgment (Counts I–III) that arise under the Patent Laws of the United States 35 U.S.C. §§ 1331, 1338(a), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      A substantial controversy of sufficient immediacy and reality exists between the parties to warrant the issuance of a declaratory judgment.  Maquet has asserted to Abiomed that Abiomed directly and indirectly infringes the patents-in-suit through Abiomed's making, using, selling, offering for sale, or importing into the U.S., Abiomed's groundbreaking Impella® products, specifically Impella 2.5™, Impella 5.0™, Impella CP®, and Impella RP® intravascular heart pumps.[1]  Abiomed denies infringement of the patents-in-suit.

5.      This Court has personal jurisdiction over Maquet, which on information and belief has significant contacts with and does business in this district and has purposefully directed the activities that form the basis for this action towards this judicial district.  By way of example, on information and belief, Maquet regularly transacts business in Massachusetts, including by marketing and selling products in Massachusetts, by maintaining employees in Massachusetts, and by maintaining an interactive website accessible to residents of Massachusetts.  Maquet also has threatened to enforce the patents-in-suit within this judicial district by specifically accusing Abiomed, a Massachusetts-based business, of infringing Maquet's patents and demanding that Abiomed take a license to those patents.

6.      Venue is properly within this district in accordance with 28 U.S.C. § 1391 and § 1400(b) at least because a substantial part of the events or omissions giving rise to the claims at issue herein occurred in this district.  At all times relevant to this complaint, Abiomed has engaged in the activities for which Maquet has accused Abiomed of infringement in this judicial district.

---

[1] Impella, Impella CP, and Impella RP are registered trademarks of Abiomed, Inc. in the U.S. and in certain foreign countries.  Impella 2.5 and Impella 5.0 are trademarks of Abiomed, Inc.

# BACKGROUND

7.      Abiomed is a pioneer and global leader in healthcare technology and innovation with a focus on developing ground-breaking technologies designed to assist or replace the life-sustaining pumping function of the failing heart.  These ground-breaking technologies include the world's first total replacement heart and the world's smallest heart pump, which is 1/100th the size of the heart and can be inserted percutaneously through a patient's vasculature. Abiomed is dedicated to bringing the most advanced and beneficial technology to patients and physicians to save patient lives.

8.      Among Abiomed's core products is its line of intracardiac heart pumps, sold under the name Impella®.  The catheter-based Impella® heart pumps are used in hospitals and heart centers all over the world and have made Abiomed a market leader in the field of intracardiac blood pumps, including for left and right ventricular support.  Abiomed first received FDA 510(k) clearance for its Impella 2.5™ pump in June 2008, and in March 2015 Abiomed received Pre-Market Approval (PMA) for the Impella 2.5™ pump for use during elective and urgent high risk percutaneous coronary intervention (PCI) procedures.  The Impella 2.5™ is the smallest intracardiac heart pump in the world.  Abiomed also markets and sells the Impella 5.0™, Impella CP®, and Impella RP® pumps.

9.      Maquet, along with its parent corporation, Getinge Group, claims to be a leader in the development of medical devices.  However, Maquet does not practice any of these asserted patents in any of their commercially available products.  Upon information and belief, Maquet has alleged that Abiomed infringes the patents-in-suit, which patents purport to embody technology that Maquet did not develop itself, but rather acquired from another.

**The Patents-In-Suit**

10.     Maquet claims that it is the owner of right, title and interest in U.S. Patent No.

7,022,100, entitled "Guidable Intravascular Blood Pump and Related Methods" ("the '100

patent").  While the '100 patent issued on April 4, 2006, on information and belief, Maquet had

no involvement in the development of the alleged invention of the '100 patent, and did not

acquire rights to the '100 patent until May 19, 2008, shortly before Abiomed first received FDA

510(k) clearance for its Impella 2.5™ pump.  A true and correct copy of the '100 patent is

attached hereto as Exhibit 1.

11.     Maquet also claims it is the owner of right, title and interest in U.S. Patent No.

8,888,728, entitled "Guidable Intravascular Blood Pump and Related Methods" ("the '728

patent").  The '728 patent purports to claim priority to the same provisional application to which

the '100 patent purports to claim priority.  As with the '100 patent, on information and belief,

Maquet had no involvement in the development of the alleged invention of the '728 patent.  A

true and correct copy of the '728 patent is attached hereto as Exhibit 2.

12.     Maquet also claims it is the owner of right, title and interest in U.S. Patent No.

9,327,068, entitled "Guidable Intravascular Blood Pump and Related Methods" ("the '068

patent").  The '068 patent purports to claim priority to the same provisional application to which

the '100 patent and '728 patent purport to claim priority.  As with the '100 patent and '728

patent, on information and belief, Maquet had no involvement in the development of the alleged

invention of the '068 patent.  A true and correct copy of the '068 patent is attached hereto as

Exhibit 3.

13.     On information and belief, and by Maquet's own admission, Maquet does not sell

any products that are covered by the '100 patent, the '728 patent, or the '068 patent.

**Maquet's Assertion of Infringement**

14.     On December 15, 2015, Maquet sent Abiomed a letter, asserting that Abiomed's Impella 2.5™, Impella 5.0™, Impella CP®, and Impella RP® devices infringe claim 16 of the '100 patent, claims 1 and 10 of the '728 patent, and then-pending claims 24, 25, and 26 of U.S. Patent Application No. 15/543,815 ("the '815 application"), which subsequently issued as claims 1, 10, and 20 of the '068 patent (collectively, the "asserted claims"). Maquet threatened to seek damages and injunctive relief preventing Abiomed from providing its life-saving Impella® products to hospitals and heart centers throughout this country, despite Maquet's inability to provide a substitute product. Maquet attached to its letter a draft complaint for patent infringement and charts purportedly providing Maquet's positions regarding the alleged infringement of the asserted claims. A true and correct copy of Maquet's December 15, 2015 letter is attached hereto as Exhibit 4.

15.     On January 19, 2016, Abiomed responded by letter, providing detailed, exemplary reasons why Abiomed and its Impella® line of products do not infringe any of the asserted claims of the patents-in-suit, why they are invalid, and why at least certain of those claims are unenforceable. Abiomed included detailed claim charts showing how the prior art, including prior art developed and patented by Abiomed's predecessors-in-interest, renders each asserted claim of the patents-in-suit invalid under 35 U.S.C. §§ 102 or 103. A true and correct copy of Abiomed's January 19, 2016 letter is attached hereto as Exhibit 5.

16.     On May 3, 2016, the day the '068 patent issued, Maquet responded to Abiomed's letter and continued to assert that Abiomed infringes the patents-in-suit, including the '068 patent. Maquet did not substantively address Abiomed's detailed, exemplary explanations of noninfringement, invalidity, and unenforceability. Nevertheless, Maquet maintained its threat of

litigation and demanded that Abiomed take a license to the patents-in-suit. A true and correct copy of Maquet's May 3, 2016 letter is attached hereto as Exhibit 6.

17.     Abiomed has not licensed the patents-in-suit from Maquet.

18.     The actions taken by Maquet as described in the foregoing paragraphs have created an actual and substantial controversy between the parties concerning non-infringement of the claims of the patents-in-suit. Indeed, Maquet's actions entitle Abiomed to bring this action because the controversy is of sufficient immediacy and reality to warrant declaratory relief, at least because Abiomed has a real and reasonable apprehension that Maquet will sue Abiomed on the patents-in-suit, and Abiomed has a real and reasonable apprehension that its current making, using, offering for sale, selling or importing its Impella products could, according to statements made by Maquet to Abiomed, subject Abiomed to suit for patent infringement.

<u>**COUNT I**</u>
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF
U.S. PATENT NO. 7,022,100)**

19.     Abiomed repeats, realleges and incorporates by reference paragraph 1 through 18, inclusive, as if fully set forth in this paragraph.

20.     Maquet has alleged that Abiomed's Impella 2.5™, Impella 5.0™, Impella CP®, and Impella RP® infringe at least claim 16 of the '100 patent. An actual and justiciable controversy requiring declaratory relief exists between Maquet and Abiomed regarding alleged infringement of the '100 patent.

21.     Abiomed has not infringed, and is not infringing, either directly or indirectly, claim 16 of the '100 patent, or any other claim of that patent, either literally or under the doctrine of equivalents, because Abiomed has not engaged in any act that constitutes infringement of a claim of the '100 patent.

22.     The manufacture, use, sale, offer for sale, or importation into the United States of Abiomed's Impella 2.5™, Impella 5.0™, Impella CP®, and Impella RP® products does not constitute an act of infringement of any claim of the '100 patent.

23.     To resolve the legal and factual questions raised by Abiomed and to afford relief from uncertainty and controversy which Maquet's accusations have precipitated, Abiomed is entitled to a declaratory judgment that Abiomed has not infringed, and is not infringing, any claim of the '100 patent, nor has it contributed to infringement of nor induced others to infringe the '100 patent.

## COUNT II
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,888,728)

24.     Abiomed repeats, realleges and incorporates by reference paragraph 1 through 23, inclusive, as if fully set forth in this paragraph.

25.     Maquet has alleged that Abiomed's Impella 2.5™, Impella 5.0™, Impella CP®, and Impella RP® infringe at least claims 1 and/or 10 of the '728 patent.  An actual and justiciable controversy requiring declaratory relief exists between Maquet and Abiomed regarding alleged infringement of the '728 patent.

26.     Abiomed has not infringed, and is not infringing, either directly or indirectly, claims 1 or 10 of the '728 patent, or any other claim of that patent, either literally or under the doctrine of equivalents, because Abiomed has not engaged in any act that constitutes infringement of a claim of the '728 patent.

27.     The manufacture, use, sale, offer for sale, or importation into the United States of Abiomed's Impella 2.5™, Impella 5.0™, Impella CP®, and Impella RP® products does not constitute an act of infringement of any claim of the '728 patent.

28.     To resolve the legal and factual questions raised by Abiomed and to afford relief from uncertainty and controversy which Maquet's accusations have precipitated, Abiomed is entitled to a declaratory judgment that Abiomed has not infringed, and is not infringing, any claim of the '728 patent, nor has it contributed to infringement of nor induced others to infringe the '728 patent.

## COUNT III
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 9,327,068)

29.     Abiomed repeats, realleges and incorporates by reference paragraph 1 through 28, inclusive, as if fully set forth in this paragraph.

30.     Maquet has alleged that Abiomed's Impella 2.5™, Impella 5.0™, Impella CP®, and Impella RP® infringe at least claims 1, 10, and 20 of the '068 patent.  An actual and justiciable controversy requiring declaratory relief exists between Maquet and Abiomed regarding alleged infringement of the '068 patent.

31.     Abiomed has not infringed, and is not infringing, either directly or indirectly, claims 1, 10, or 20 of the '068 patent, or any other claim of that patent, either literally or under the doctrine of equivalents, because Abiomed has not engaged in any act that constitutes infringement of a claim of the '068 patent.

32.     The manufacture, use, sale, offer for sale, or importation into the United States of Abiomed's Impella 2.5™, Impella 5.0™, Impella CP®, and Impella RP® products does not constitute an act of infringement of any claim of the '068 patent.

33.     To resolve the legal and factual questions raised by Abiomed and to afford relief from uncertainty and controversy which Maquet's accusations have precipitated, Abiomed is entitled to a declaratory judgment that Abiomed has not infringed, and is not infringing, any

claim of the '068 patent, nor has it contributed to infringement of nor induced others to infringe the '068 patent.

## PRAYER FOR RELIEF

WHEREFORE, Abiomed requests entry of judgment in its favor and against Maquet as follows:

a. Declaring that Abiomed does not infringe any of the claims of the '100 patent;

b. Declaring that Abiomed does not infringe any of the claims of the '728 patent;

c. Declaring that Abiomed does not infringe any of the claims of the '068 patent;

d. Enjoining Maquet and those in privity with Maquet from asserting the patents-in suit against Abiomed and Abiomed's representatives, agents, subsidiaries, vendors, and customers;

e. Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Abiomed the costs and expenses of this litigation, including reasonable attorneys' fees and disbursements;

f. Awarding Abiomed its costs in this action; and

g. Awarding Abiomed such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Abiomed demands a trial by jury of all issues so triable.


Dated:  May 19, 2016                    _/s/ Dalila Argaez Wendlandt_____
                                        Dalila Argaez Wendlandt (BBO No. 639280)
                                        dalila.wendlandt@ropesgray.com
                                        Charles Larsen (BBO No. 652355) (admission pending)
                                        charles.larsen@ropesgray.com
                                        ROPES & GRAY LLP
                                        Prudential Tower
                                        800 Boylston Street

Boston, MA  02199-3600
Telephone:  (617) 951-7000
Facsimile:  (627) 951-7050

Richard T. McCaulley (*pro hac vice* pending)
richard.mccaulley@ropesgray.com
ROPES & GRAY LLP
191 North Wacker Drive, 32nd Floor
Chicago, IL  60606
Telephone:  (312) 845-1200
Facsimile:  (312) 845-5500

Andrew T. Radsch (*pro hac vice* pending)
andrew.radsch@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090

*Attorneys for Abiomed Inc.*