## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED INC.,<br><br>        Plaintiff and Counter-Defendant,<br><br>   v.<br><br>MAQUET CARDIOVASCULAR LLC,<br><br>        Defendant and Counter-Claimant,<br><br>   v.<br><br>ABIOMED R&D, INC. and<br>ABIOMED EUROPE GMBH,<br><br>        Counter-Defendants. | 1:16-cv-10914-FDS |

## FIRST AMENDED COMPLAINT FOR
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

Plaintiff Abiomed, Inc. ("Abiomed"), by and through its undersigned counsel, files this First Amended Complaint for Declaratory Judgment of Noninfringement of U.S. Patent Nos. 7,022,100; 8,888,728; 9,327,068; 9,545,468; 9,561,314; and 9,597,437 (collectively, the "patents-in-suit") against defendant Maquet Cardiovascular LLC ("Maquet") and alleges as follows:

### PARTIES

1.      Abiomed is a corporation organized under the laws of Delaware, having its principal place of business at 22 Cherry Hill Drive, Danvers, Massachusetts 01923.

2.      Maquet is a limited liability company formed and existing under the laws of Delaware with a principal place of business in Wayne, New Jersey.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over Abiomed's claims for Declaratory Judgment (Counts I-VI) that arise under the Patent Laws of the United States, 35 U.S.C. §§ 1331, 1338(a), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      A substantial controversy of sufficient immediacy and reality exists between the parties to warrant the issuance of a declaratory judgment.  Maquet has asserted to Abiomed that Abiomed directly and indirectly infringes the patents-in-suit through Abiomed's making, using, selling, offering for sale, or importing into the U.S., Abiomed's groundbreaking Impella® products, specifically Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® intravascular heart pumps.[1]  Abiomed denies infringement of the patents-in-suit.

5.      This Court has personal jurisdiction over Maquet, which on information and belief has significant contacts with and does business in this district and has purposefully directed the activities that form the basis for this action towards this judicial district.  By way of example, on information and belief, Maquet regularly transacts business in Massachusetts, including by marketing and selling products in Massachusetts, by maintaining employees in Massachusetts, and by maintaining an interactive website accessible to residents of Massachusetts.  Maquet also has threatened to enforce the patents-in-suit within this judicial district by specifically accusing Abiomed, a Massachusetts-based business, of infringing Maquet's patents and demanding that Abiomed take a license to those patents.

6.      Venue is properly within this district in accordance with 28 U.S.C. § 1391 and § 1400(b) at least because a substantial part of the events or omissions giving rise to the claims at issue herein occurred in this district.  At all times relevant to this complaint, Abiomed has

---

[1] Impella®, Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® are registered trademarks of Abiomed in the U.S. and in certain foreign countries.

engaged in the activities for which Maquet has accused Abiomed of infringement in this judicial

district.

## BACKGROUND

7.      Abiomed is a pioneer and global leader in healthcare technology and innovation

with a focus on developing ground-breaking technologies designed to assist or replace the life-

sustaining pumping function of the failing heart.  These ground-breaking technologies include

the world's first total replacement heart and the world's smallest heart pump, which is 1/100th

the size of the heart and can be inserted percutaneously through a patient's vasculature.

Abiomed is dedicated to bringing the most advanced and beneficial technology to patients and

physicians to save patient lives.

8.      Among Abiomed's core products is its line of intracardiac heart pumps, sold

under the name Impella®.  The catheter-based Impella® heart pumps are used in hospitals and

heart centers all over the world and have made Abiomed a market leader in the field of

intracardiac blood pumps, including for left and right ventricular support.  Abiomed first

received FDA 510(k) clearance for its Impella 2.5® pump in June 2008, and in March 2015

Abiomed received Pre-Market Approval (PMA) for the Impella 2.5® pump for use during

elective and urgent high risk percutaneous coronary intervention (PCI) procedures.  The Impella

2.5® is the smallest intracardiac heart pump in the world.  Abiomed also markets and sells the

Impella 5.0®, Impella CP®, and Impella RP® pumps.

9.      Maquet, along with its parent corporation, Getinge Group, claims to be a leader in

the development of medical devices.  However, Maquet does not practice any of these asserted

patents in any of their commercially available products.  Maquet has alleged that Abiomed

infringes the patents-in-suit, which patents purport to embody technology that Maquet did not

develop itself, but rather acquired from another.

Americas 93159493

**The Patents-In-Suit**

10.     Maquet claims that it is the owner of right, title and interest in U.S. Patent No. 7,022,100, entitled "Guidable Intravascular Blood Pump and Related Methods" ("the '100 patent").  While the '100 patent issued on April 4, 2006, on information and belief, Maquet had no involvement in the development of the alleged invention of the '100 patent, and did not acquire rights to the '100 patent until May 19, 2008, shortly before Abiomed first received FDA 510(k) clearance for its Impella 2.5® pump.  A true and correct copy of the '100 patent is attached hereto as Exhibit 1.

11.     Maquet also claims it is the owner of right, title and interest in U.S. Patent No. 8,888,728, entitled "Guidable Intravascular Blood Pump and Related Methods" ("the '728 patent").  The '728 patent purports to claim priority to the same provisional application to which the '100 patent purports to claim priority.  As with the '100 patent, on information and belief, Maquet had no involvement in the development of the alleged invention of the '728 patent.  A true and correct copy of the '728 patent is attached hereto as Exhibit 2.

12.     Maquet also claims it is the owner of right, title and interest in U.S. Patent No. 9,327,068, entitled "Guidable Intravascular Blood Pump and Related Methods" ("the '068 patent").  The '068 patent purports to claim priority to the same provisional application to which the '100 patent purports to claim priority.  As with the '100 patent, on information and belief, Maquet had no involvement in the development of the alleged invention of the '068 patent.  A true and correct copy of the '068 patent is attached hereto as Exhibit 3.

13.     Maquet also claims it is the owner of right, title and interest in U.S. Patent No. 9,545,468, entitled "Guidable Intravascular Blood Pump and Related Methods" ("the '468 patent").  The '468 patent purports to claim priority to the same provisional application to which the '100 patent purports to claim priority.  As with the '100 patent, on information and belief,

4

Maquet had no involvement in the development of the alleged invention of the '468 patent. A true and correct copy of the '468 patent is attached hereto as Exhibit 4.

14.     Maquet also claims it is the owner of right, title and interest in U.S. Patent No. 9,561,314, entitled "Guidable Intravascular Blood Pump and Related Methods" ("the '314 patent"). The '314 patent purports to claim priority to the same provisional application to which the '100 patent purports to claim priority. As with the '100 patent, on information and belief, Maquet had no involvement in the development of the alleged invention of the '314 patent. A true and correct copy of the '314 patent is attached hereto as Exhibit 5.

15.     Maquet also claims it is the owner of right, title and interest in U.S. Patent No. 9,597,437, entitled "Guidable Intravascular Blood Pump and Related Methods" ("the '437 patent"). The '437 patent purports to claim priority to the same provisional application to which the '100 patent purports to claim priority. As with the '100 patent, on information and belief, Maquet had no involvement in the development of the alleged invention of the '437 patent. A true and correct copy of the '437 patent is attached hereto as Exhibit 6.

16.     On information and belief, and by Maquet's admission, Maquet does not sell any products that are covered by the '100 patent, the '728 patent, the '068 patent, the '468 patent, the '314 patent, or the '437 patent.

**Maquet's Assertion of Infringement**

17.     On December 15, 2015, Maquet sent Abiomed a letter, asserting that Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® devices infringe claim 16 of the '100 patent, claims 1 and 10 of the '728 patent, and then-pending claims 24, 25, and 26 of U.S. Patent Application No. 15/543,815 ("the '815 application"), which subsequently issued as claims 1, 10, and 20 of the '068 patent (collectively, the "asserted claims"). Maquet threatened to seek damages and injunctive relief preventing Abiomed from providing its life-saving Impella®

Americas 93159493

products to hospitals and heart centers throughout this country, despite Maquet's inability to provide a substitute product.  Maquet attached to its letter a draft complaint for patent infringement and charts purportedly providing Maquet's positions regarding the alleged infringement of the asserted claims.  A true and correct copy of Maquet's December 15, 2015 letter is attached hereto as Exhibit 7.

18.     On January 19, 2016, Abiomed responded by letter, providing detailed, exemplary reasons why Abiomed and its Impella® line of products do not infringe any of the asserted claims of the patents-in-suit, why they are invalid, and why at least certain of those claims are unenforceable.  Abiomed included detailed claim charts showing how the prior art, including prior art developed and patented by Abiomed's predecessors-in-interest, renders each asserted claim of the patents-in-suit invalid under 35 U.S.C. §§ 102 or 103.  A true and correct copy of Abiomed's January 19, 2016 letter is attached hereto as Exhibit 8.

19.     On May 3, 2016, the day the '068 patent issued, Maquet responded to Abiomed's letter and continued to assert that Abiomed infringes the patents-in-suit, including the '068 patent.  Maquet did not substantively address Abiomed's detailed, exemplary explanations of noninfringement, invalidity, and unenforceability.  Nevertheless, Maquet maintained its threat of litigation and demanded that Abiomed take a license to the patents-in-suit.  A true and correct copy of the May 3, 2016 letter is attached hereto as Exhibit 9.

20.     On August 24, 2016, counsel for Maquet sent counsel for Abiomed a letter stating that, in its view, the pending claims of U.S. Patent Application Nos. 15/239,574 (which would issue as the '314 patent), 15/239,697 (which would issue as the '468 patent), and 15/239,772 (which would issue as the '437 patent) read directly on Abiomed's products, and thus, to the extent any claims issue from these applications, Maquet intends to seek all available remedies for

Americas 93159493

Abiomed's unlicensed use of this technology.  A true and correct of the August 24, 2016 letter is attached hereto as Exhibit 10.

21.     On January 20, 2017, counsel for Maquet sent counsel for Abiomed a letter asserting that Abiomed's Impella 2.5®, Impella 5.0®, and Impella CP® devices infringe, directly and indirectly, independent claims 1 and 22 of the '468 patent, as well as certain dependent claims.  Maquet asserted that this letter constituted actual notice under 35 U.S.C. §287(a) of the '468 patent and Abiomed's infringement of it.  Maquet's January 20, 2017 letter was signed by Michael S. Conner of Alston & Bird, counsel for Maquet.  A true and correct copy of the January 20, 2017 letter is attached hereto as Exhibit 11.

22.     On February 7, 2017, counsel for Maquet sent counsel for Abiomed a letter asserting that Abiomed's Impella 2.5®, Impella 5.0®, and Impella CP® devices infringe, directly and indirectly, independent claims 1, 20 and 27 of the '314 patent, as well as certain dependent claims.  Maquet asserted that this letter constituted actual notice under 35 U.S.C. §287(a) of the '314 patent and Abiomed's infringement of it.  Maquet's February 7, 2017 letter was signed by Michael S. Conner of Alston & Bird, counsel for Maquet.  A true and correct copy of the February 7, 2017 letter is attached hereto as Exhibit 12.

23.     On March 21, 2017, counsel for Maquet sent counsel for Abiomed a letter asserting that Abiomed's Impella 2.5®, Impella 5.0®, and Impella CP® devices infringe, directly and indirectly, independent claims 1 and 28 of the '437 patent, as well as certain dependent claims.  Maquet asserted that this letter constituted actual notice under 35 U.S.C. §287(a) of the '437 patent and Abiomed's infringement of it.  Maquet's March 21, 2017 letter was signed by Michael S. Conner of Alston & Bird, counsel for Maquet.  A true and correct copy of the March 21, 2017 letter is attached hereto as Exhibit 13.

24.     Abiomed has not licensed the patents-in-suit from Maquet.

25.     The actions taken by Maquet as described in the foregoing paragraphs have created an actual and substantial controversy between the parties concerning non-infringement of the claims of the patents-in-suit.  Indeed, Maquet's actions entitled Abiomed to bring this action because the controversy is of sufficient immediacy and reality to warrant declaratory relief, at least because Abiomed has a real and reasonable apprehension that Maquet would sue Abiomed on the patents-in-suit, and Abiomed had a real and reasonable apprehension that its current making, using, offering for sale, selling or importing its Impella® products could, according to statements made by Maquet to Abiomed, subject Abiomed to suit for patent infringement.

**COUNT I**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**
**U.S. PATENT NO. 7,022,100)**

26.     Abiomed repeats, realleges and incorporates by reference paragraph 1 through 25, inclusive, as if fully set forth in this paragraph.

27.     Maquet has alleged that Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® infringe at least claim 16 of the '100 patent.  An actual and justiciable controversy requiring declaratory relief exists between Maquet and Abiomed regarding alleged infringement of the '100 patent.

28.     Abiomed has not infringed, and is not infringing, either directly or indirectly, claim 16 of the '100 patent, or any other claim of that patent, either literally or under the doctrine of equivalents, because Abiomed has not engaged in any act that constitutes infringement of a claim of the '100 patent.

29.     The manufacture, use, sale, offer for sale, or importation into the United States of Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® products does not constitute an act of infringement of any claim of the '100 patent.

8

30.     To resolve the legal and factual questions raised by Abiomed and to afford relief from uncertainty and controversy which Maquet's accusations have precipitated, Abiomed is entitled to a declaratory judgment that Abiomed has not infringed, and is not infringing, any claim of the '100 patent, nor has it contributed to infringement of nor induced others to infringe the '100 patent.

**COUNT II**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**
**U.S. PATENT NO. 8,888,728)**

31.     Abiomed repeats, realleges and incorporates by reference paragraph 1 through 30, inclusive, as if fully set forth in this paragraph.

32.     Maquet has alleged that Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® infringe at least claims 1 and/or 10 of the '728 patent.  An actual and justiciable controversy requiring declaratory relief exists between Maquet and Abiomed regarding alleged infringement of the '728 patent.

33.     Abiomed has not infringed, and is not infringing, either directly or indirectly, claims 1 or 10 of the '728 patent, or any other claim of that patent, either literally or under the doctrine of equivalents, because Abiomed has not engaged in any act that constitutes infringement of a claim of the '728 patent.

34.     The manufacture, use, sale, offer for sale, or importation into the United States of Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® products does not constitute an act of infringement of any claim of the '728 patent.

35.     To resolve the legal and factual questions raised by Abiomed and to afford relief from uncertainty and controversy which Maquet's accusations have precipitated, Abiomed is entitled to a declaratory judgment that Abiomed has not infringed, and is not infringing, any

9

claim of the '728 patent, nor has it contributed to infringement of nor induced others to infringe the '728 patent.

## COUNT III
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF
## U.S. PATENT NO. 9,327,068)

36.     Abiomed repeats, realleges and incorporates by reference paragraph 1 through 35, inclusive, as if fully set forth in this paragraph.

37.     Maquet has alleged that Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® infringe at least claims 1, 10, and 20 of the '068 patent.  An actual and justiciable controversy requiring declaratory relief exists between Maquet and Abiomed regarding alleged infringement of the '068 patent.

38.     Abiomed has not infringed, and is not infringing, either directly or indirectly, claims 1, 10, or 20 of the '068 patent, or any other claim of that patent, either literally or under the doctrine of equivalents, because Abiomed has not engaged in any act that constitutes infringement of a claim of the '068 patent.

39.     The manufacture, use, sale, offer for sale, or importation into the United States of Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® products does not constitute an act of infringement of any claim of the '068 patent.

40.     To resolve the legal and factual questions raised by Abiomed and to afford relief from uncertainty and controversy which Maquet's accusations have precipitated, Abiomed is entitled to a declaratory judgment that Abiomed has not infringed, and is not infringing, any claim of the '068 patent, nor has it contributed to infringement of nor induced others to infringe the '068 patent.

Americas 93159493

## COUNT IV
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF
### U.S. PATENT NO. 9,545,468)

41.     Abiomed repeats, realleges and incorporates by reference paragraph 1 through 40, inclusive, as if fully set forth in this paragraph.

42.     Maquet has alleged that Abiomed's Impella 2.5®, Impella 5.0®, and Impella CP® infringe claims 1 and 22 of the '468 patent, as well as certain dependent claims.  An actual and justiciable controversy requiring declaratory relief exists between Maquet and Abiomed regarding alleged infringement of the '468 patent.

43.     Abiomed has not infringed, and is not infringing, either directly or indirectly, any of claims 1 and 22 of the '468 patent, as well as certain dependent claims, or any other claim of that patent, either literally or under the doctrine of equivalents, because Abiomed has not engaged in any act that constitutes infringement of a claim of the '468 patent.

44.     The manufacture, use, sale, offer for sale, or importation into the United States of Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® products does not constitute an act of infringement of any claim of the '468 patent.

45.     To resolve the legal and factual questions raised by Abiomed and to afford relief from uncertainty and controversy which Maquet's accusations have precipitated, Abiomed is entitled to a declaratory judgment that Abiomed has not infringed, and is not infringing, any claim of the '468 patent, nor has it contributed to infringement of nor induced others to infringe the '468 patent.

## COUNT V
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF
### U.S. PATENT NO. 9,561,314)

46.     Abiomed repeats, realleges and incorporates by reference paragraph 1 through 45, inclusive, as if fully set forth in this paragraph.

Americas 93159493

47.     Maquet has alleged that Abiomed's Impella 2.5®, Impella 5.0®, and Impella CP® infringe claims 1, 20 and 27 of the '314 patent, as well as certain dependent claims.  An actual and justiciable controversy requiring declaratory relief exists between Maquet and Abiomed regarding alleged infringement of the '314 patent.

48.     Abiomed has not infringed, and is not infringing, either directly or indirectly, any of claims 1, 20 and 27 of the '314 patent, as well as certain dependent claims, or any other claim of that patent, either literally or under the doctrine of equivalents, because Abiomed has not engaged in any act that constitutes infringement of a claim of the '314 patent.

49.     The manufacture, use, sale, offer for sale, or importation into the United States of Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® products does not constitute an act of infringement of any claim of the '314 patent.

50.     To resolve the legal and factual questions raised by Abiomed and to afford relief from uncertainty and controversy which Maquet's accusations have precipitated, Abiomed is entitled to a declaratory judgment that Abiomed has not infringed, and is not infringing, any claim of the '314 patent, nor has it contributed to infringement of nor induced others to infringe the '314 patent.

**COUNT VI**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**
**U.S. PATENT NO. 9,597,437)**

51.     Abiomed repeats, realleges and incorporates by reference paragraph 1 through 50, inclusive, as if fully set forth in this paragraph.

52.     Maquet has alleged that Abiomed's Impella 2.5®, Impella 5.0®, and Impella CP® infringe independent claims 1 and 28 of the '437 patent, as well as certain dependent claims.  An actual and justiciable controversy requiring declaratory relief exists between Maquet and Abiomed regarding alleged infringement of the '437 patent.

53.     Abiomed has not infringed, and is not infringing, either directly or indirectly, any of the independent claims 1 and 28 of the '437 patent, as well as certain dependent claims, or any other claim of that patent, either literally or under the doctrine of equivalents, because Abiomed has not engaged in any act that constitutes infringement of a claim of the '437 patent.

54.     The manufacture, use, sale, offer for sale, or importation into the United States of Abiomed's Impella 2.5®, Impella 5.0®, Impella CP®, and Impella RP® products does not constitute an act of infringement of any claim of the '437 patent.

55.     To resolve the legal and factual questions raised by Abiomed and to afford relief from uncertainty and controversy which Maquet's accusations have precipitated, Abiomed is entitled to a declaratory judgment that Abiomed has not infringed, and is not infringing, any claim of the '437 patent, nor has it contributed to infringement of nor induced others to infringe the '437 patent.

## PRAYER FOR RELIEF

WHEREFORE, Abiomed requests entry of judgment in its favor and against Maquet as follows:

a.     Declaring that Abiomed does not infringe any of the claims of the '100 patent;

b.     Declaring that Abiomed does not infringe any of the claims of the '728 patent;

c.     Declaring that Abiomed does not infringe any of the claims of the '068 patent;

d.     Declaring that Abiomed does not infringe any of the claims of the '468 patent;

e.     Declaring that Abiomed does not infringe any of the claims of the '314 patent;

f.     Declaring that Abiomed does not infringe any of the claims of the '437 patent;

g.     Enjoining Maquet and those in privity with Maquet from asserting the patents-in suit against Abiomed and Abiomed's representatives, agents, subsidiaries, vendors, and customers;

Americas 93159493

      h.      Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding

Abiomed the costs and expenses of this litigation, including reasonable attorneys' fees and

disbursements;

      i.      Awarding Abiomed its costs in this action; and

      j.      Awarding Abiomed such other relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Abiomed demands a trial by jury of all

issues so triable.

                        Respectfully submitted,

Dated: October 12, 2017             */s/ Charles Larsen*
                        Charles Larsen (BBO # 652355)
                        WHITE & CASE LLP
                        75 State Street
                        Boston, Massachusetts 02109
                        Telephone: (617) 979-9300
                        Facsimile: (617) 979-9301
                        charles.larsen@whitecase.com

                        Scott T. Weingaertner (*pro hac vice*)
                        WHITE & CASE LLP
                        1221 Avenue of the Americas
                        New York, New York 10020-0095
                        Telephone: (212) 819-8200
                        Facsimile: (212) 354-8113
                        scott.weingaertner@whitecase.com

                        *Attorneys for Abiomed*

14
