UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED INC., <br><br> Plaintiff and Counter-Defendant, <br><br> vs. <br><br> MAQUET CARDIOVASCULAR LLC, <br><br> Defendant and Counter-Claimant, <br><br> vs. <br><br> ABIOMED R&D, INC. and ABIOMED EUROPE GMBH, <br><br> Counter-Defendants. | C.A. No. 1:16-cv-10914-FDS <br><br> JURY DEMAND <br><br> **PUBLIC VERSION—** <br> **REDACTED DOCUMENT** |

**MAQUET'S MEMORANDUM OF LAW IN OPPOSITION TO
ABIOMED'S MOTION TO COMPEL DISCOVERY OF
MAQUET'S PATENT ASSESSMENTS AND VALUATIONS**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

    a. Maquet's Discovery Responses Concerning ███████████████
       ███████ ............................................................................................................... 1

    b. Maquet's Discovery Responses Concerning Valuations and Assessments of the
       Patents-in-Suit ..................................................................................................... 5

III. LEGAL STANDARD ........................................................................................................ 6

IV. ARGUMENT ..................................................................................................................... 6

    a. Abiomed's Arguments Concerning ███████████████████████
       Are Inapposite .................................................................................................... 6

    b. Abiomed's Other Arguments Are Undisputed Red Herrings ............................ 8

V. CONCLUSION .................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**RULES** **PAGE(S)**

Fed. R. Civ. P. 26(b)(1) ................................................................................................................... 6

Fed. R. Civ. P. 33(a)(2) ................................................................................................................... 6

Fed. R. Civ. P. 33(d) ............................................................................................................... 1, 3, 7

Local Rule 37.1(c) .......................................................................................................................... 1

## I. INTRODUCTION

In accordance with Local Rule 37.1(c), Maquet Cardiovascular LLC ("Maquet") respectfully requests that the Court deny Abiomed Inc., Abiomed R&D, Inc., and Abiomed Europe GmbH's (collectively, "Abiomed") "Motion to Compel Discovery of Maquet's Patent Assessments and Valuations" (D.I. 207).

Abiomed's motion bears a misleading title; Maquet has never denied Abiomed any discovery of non-privileged documents and information concerning Maquet's patent assessments and valuations or—as Abiomed has argued—licenses or attempts to license the patents. Rather, Maquet has consistently represented that no non-privileged assessments or valuations of the patents-in-suit exist. Maquet has produced any non-privileged documents concerning licenses and attempts to license the patents. Abiomed has ignored Maquet's representations, interrogatory answers, and document productions, and as a result, has unnecessarily burdened the Court and Maquet with this futile motion.

It appears that the motivation for Abiomed's motion may be to somehow secure an improper characterization of certain of Maquet's ==patent licensing negotiations as "valuations and assessments" of the patents-in-suit. Such characterizations are not only factually incorrect==, but are also beyond the bounds of appropriate discovery pursuant to Federal Rule of Civil Procedure 33. Abiomed's motion should therefore be denied.

## II. BACKGROUND

    a. **Maquet's Discovery Responses Concerning** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Maquet does not dispute that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Maquet also does not dispute that ███████████████████████████████

█████████████████████████████████████████. Abiomed, however, cannot dispute that—through Maquet's extensive discovery responses and productions—it already possesses extensive knowledge of the specific terms of, and negotiations concerning, █████████

███.

In response to Abiomed's discovery requests, Maquet produced all relevant, nonprivileged documents concerning ██████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████ (*See* Declaration of Wade G. Perrin, Esq. ("Perrin Decl."), at ¶ 5; *see also* D.I. 208 (Declaration of John Padro ("Padro Decl.")), at ¶ 7 and Ex. 3).

Also on July 3, 2017, Maquet supplemented its response to Abiomed's Interrogatory No. 5, an interrogatory (and response) that Abiomed has conspicuously ignored in its brief. Abiomed's Interrogatory No. 5 requested that Maquet:

> Identify and describe all ***licenses and attempts to license*** under which any entity has obtained or would (if licensed) obtain a right to make, use, sell, offer to sell, import or practice the alleged invention claimed in the Patents-in-Suit, including but not limited to, for each such license, the licensor and licensee, the production number of documents relating to such license, the effective date and royalty rate of such license, all consideration and revenue received, paid, or to be received under the license on an annual basis, and any documents, witnesses, or other evidence that Maquet believes supports its contentions.

(*See* D.I. 208-1 (Padro Decl. Ex. 1), at 9–10 (emphasis added)). Neither Maquet nor Abiomed has disputed that ████████████████████████████████████████████████████████

███. Likewise, neither Maquet nor Abiomed has disputed that █████████████████

2

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████. (*See* D.I. 208-4 (Padro Decl. Ex. 4), at 14–15).

On August 21, 2017, shortly after the July 3, 2017 production and supplementation of, *inter alia*, Interrogatory No. 5, Maquet produced its first round of ESI discovery in this case, which contained ███████████████████████████████████.[1] (*See* Perrin Decl. at ¶ 5). The parties then began discussing the second round of ESI discovery in October 2017, and ███████

███████████████████████████████████████████

█████████. Maquet expressed concerns that two of Abiomed's three chosen second-round ESI custodians worked in the legal department and thus implicated serious privilege concerns; in fact, the Court has already denied Abiomed's attempt to depose Mr. Ronai (one of the selected custodians) because of such concerns. (*See* D.I. 160 at 4–6).

Nonetheless, ██████████████████████████████

███████████████████████████████████████████

█████████, Maquet agreed to produce ESI materials for those custodians, including Mr. Ronai—which will require a burdensome privilege review on Maquet's part. (*See* D.I. 208-9 (Padro Decl. Ex. 9), at 3). Largely because of Abiomed's delays, the parties have only recently finalized terms for the second round of ESI discovery, and Abiomed has not yet produced any ESI in connection with the agreed-upon terms.

---

[1] Such ESI discovery is governed by the terms of the Stipulated ESI Order (D.I. 61), which the parties have expressly agreed exclusively governs the production of all emails in this action.

Despite Abiomed's frustration and delay of the ESI process, Maquet fast-tracked and produced a limited set of second round ESI discovery as an accommodation to Abiomed. Abiomed had noticed the deposition of Philip Freed, Managing Director at Maquet, for April 12, 2018, and in advance of such deposition Abiomed requested Maquet to supplement its response to Interrogatory No. 5, among others. Thus, on April 10, 2018, Maquet produced hundreds of pages of emails ▮▮▮▮▮▮▮▮▮▮ as an advance production of second round ESI materials. (*See* Perrin Decl. at ¶ 5). At the same time, Maquet supplemented its response to Interrogatory No. 5 to further describe ▮▮▮▮▮▮▮▮▮▮, stating in relevant part:



4

> Pursuant to Federal Rule of Civil Procedure 33(d), Maquet identifies the following documents from which relevant, non-privileged information responsive to this Interrogatory may be ascertained: MAQ_00346551–766.

(*See* D.I. 208-16 (Padro Decl. Ex. 16), at 3–4).

Notwithstanding Maquet's substantial discovery efforts and accommodations concerning ████████████████████████, Abiomed filed the instant motion barely one week after Maquet's supplemental response to Interrogatory No. 5 above, alleging that Maquet has withheld ████████████████████. Remarkably, Abiomed's motion and brief fail to mention Abiomed's Interrogatory No. 5 or Maquet's narrative responses thereto.

### b. Maquet's Discovery Responses Concerning Valuations and Assessments of the Patents-in-Suit

Separate from Abiomed's Interrogatory No. 5 discussed above, Abiomed has also propounded Interrogatory No. 1, which requests that Maquet:

> Describe and identify any *assessments and/or valuation(s)* of the Patents-in-Suit, any Related Patents, or any Related Applications, performed by or for, or in the possession of, Maquet or any corporate affiliate of Maquet or other Getinge Group entity, including but not limited to Getinge AB and Getinge Group, including any assessments and/or valuation(s) performed by any such entities in connection with any acquisition of the Patents-in-Suit, any consideration paid by any such entities to any third party, including but not limited to any Predecessor-in-Interest, or any pricing associated with the transfer of rights in the Patents-in-Suit from any corporate affiliate of Maquet or other Getinge Group entity, including but not limited to Getinge AB and Getinge Group, to Maquet, including identifying the production number for any documents relating to the above descriptions and identification of the three (3) persons most knowledgeable about any such assessment or valuation.

On July 3, 2017, Maquet responded in relevant part that it "is not currently aware of any non-privileged assessments or valuations" of the patents-in-suit. Maquet's ongoing investigation has

5

uncovered nothing contradicting that statement, as Maquet has repeatedly informed Abiomed. (*See, e.g.*, D.I. 208-5 (Padro Decl. Ex. 5), at 8; D.I. 208-9 (Padro Decl. Ex. 9), at 2).

Through subsequent letters and meet-and-confers, Abiomed has argued that ████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████. Maquet has objected to Abiomed's position on a number of grounds, which are discussed in Section IV below. Refusing to accept anything other than a supplemental response to Interrogatory No. 1 ████████████████████████████████████████████ ████████████████████████████, Abiomed filed the instant motion.

## III. LEGAL STANDARD

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Courts have broad discretion to manage interrogatories to obtain efficient and meaningful responses. In particular, courts "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Courts also have broad authority to limit the burden one party may place on another through interrogatories where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## IV. ARGUMENT

### a. Abiomed's Arguments Concerning ████████████████████████ Are Inapposite

The crux of Abiomed's motion boils down to the manner in which Maquet has characterized—or, more accurately, *declined* to characterize—████████████████ ████████. Abiomed does not, and cannot, allege that Maquet has actually withheld any discoverable documents or information. Instead, Abiomed appears to complain that Maquet

6

provided the requested information in response to what Abiomed may believe is the wrong interrogatory.

Abiomed's position is untenable because no rule or order of this Court requires Maquet to adopt Abiomed's characterization of Maquet's documents and activities. Federal Rule of Civil Procedure 33(d) specifically provides a mechanism whereby a party may produce documents in lieu of providing a narrative response to an interrogatory. Here, Maquet has **both** provided a narrative response and *also* relied on Rule 33(d) to provide detailed discovery concerning ▬ ▬▬▬▬▬▬▬▬▬. Abiomed may attempt to portray Maquet's documents at trial however it wishes, within the bounds of the Federal Rules and subject to the orders and rulings of this Court. Nothing, however, permits Abiomed to require Maquet to characterize the documents as representing something other than ▬▬▬▬▬▬▬▬. Certainly, nothing permits Abiomed to require Maquet to state that the documents ▬▬▬▬▬▬ ▬▬▬▬▬▬.

Abiomed's motion also must fail because Abiomed's contrived characterization ▬ ▬▬▬▬▬▬▬▬ is simply erroneous. Maquet has explained that ▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬ Abiomed has provided no legal authority indicating otherwise. To be sure, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

While elaborating on these and other distinctions in an attempt to avoid motion practice, Maquet once explained ███████████████████████████████████████ ███████████████████████████████████████████████████. In its brief, Abiomed attempts to portray that single statement as Maquet's "only" explanation for "refusing to supplement" Interrogatory No. 1. (D.I. 207, at 10). In reality, as explained herein, Maquet has asserted a number of valid objections to Abiomed's request. But even if this statement did constitute Maquet's only objection, it should carry the day here. The point is that ███████ ███████████████████████████████████████ ██████████████████████████████████ ███████████████████████████ ██████████████████████████████ █████████████████████████████████████████. In its motion, Abiomed essentially argues that Interrogatory Nos. 1 and 5 are duplicative. To the extent that is Abiomed's argument, then its motion is meritless, because, as discussed above, Maquet has already provided a substantial response to Interrogatory No. 5 and produced all relevant non-privileged, non-ESI documents concerning ████████████████. Thus, Maquet should not be required to respond to substantively identical interrogatories twice.

      b.  **Abiomed's Other Arguments Are Undisputed Red Herrings**

Although much of Abiomed's brief concerns ████████████████ Abiomed then makes out a separate claim that it is entitled to general discovery concerning other assessments or valuations that may exist. But, as Maquet has indicated time and again, no non-privileged assessments or valuations exist. Maquet of course cannot produce or describe that which does not exist. Abiomed's motion is therefore futile.

8

Finally, Abiomed asserts other alleged grounds for relief, such as its demand that Maquet "identify any intra-company pricing among corporate affiliates of Getinge Group, which reflects Maquet's valuation of the patents." (*See* D.I. 207, at 10). This vague request fails to specify what "intra-company pricing" Abiomed purports to seek. As it told Abiomed numerous times, Maquet is unaware of any non-privileged internal valuation of the patents-in-suit. Likewise, Maquet has informed Abiomed in response to Interrogatory No. 6 that none of Maquet's products embody the Patents-in-Suit. (*See* D.I. 208-5 (Padro Decl. Ex. 5), at 18–19). Thus, Abiomed's demand for a vague order to compel some unclear intra-company pricing, when no such pricing has been shown to be relevant to the patents-in-suit, let alone to "assessments or valuations" thereof, is particularly without basis.

## V. CONCLUSION

Abiomed's motion should be denied. With respect to non-privileged assessments and valuations of the patents-in-suit, none exist. With respect to ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Abiomed's motion is, in all respects, unnecessary, futile and moot. For the reasons set forth above, Maquet respectfully requests that the Court deny Abiomed's motion in its entirety.

Dated: May 2, 2018            Respectfully submitted,

                              */s/ Wade G. Perrin*

                              Michael S. Connor
                              **ALSTON & BIRD LLP**
                              101 South Tryon Street, Suite 4000
                              Charlotte, NC 28280

Telephone: (704) 444-1000
Facsimile: (704) 444-1111
mike.connor@alston.com

Paul Tanck
Christopher L. McArdle
Wade G. Perrin
Andrew J. Ligotti
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
paul.tank@alston.com
chris.mcArdle@alston.com
wade.perrin@alston.com
andy.ligotti@alston.com

Margaret K. Minister
**PIERCE ATWOOD LLP**
254 Commercial Street
Portland, ME 04101
Telephone: (207) 791-1100
Facsimile: (207) 791-1350
mminister@pierceatwood.com

Michael J. Derderian (BBO #682757)
**PIERCE ATWOOD LLP**
100 Summer Street, Suite 2250
Boston, MA 02110
Telephone: (617) 488-8112
Facsimile: (617) 488-8112
mderderian@pierceatwood.com

*Attorneys for MAQUET Cardiovascular LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date indicated below, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which sends electronic notice to all counsel of record.

Date: May 2, 2018                */s/ Wade G. Perrin*
                                         Wade G. Perrin