# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ABIOMED INC.,

      Plaintiff and Counter-Defendant,

vs.

MAQUET CARDIOVASCULAR LLC,

      Defendant and Counter-Claimant,

vs.

ABIOMED R&D, INC. and ABIOMED
EUROPE GMBH,

    Counter-Defendants.

C.A. No. 1:16-cv-10914-FDS

JURY DEMAND

**MAQUET'S MEMORANDUM OF LAW IN OPPOSITION TO
ABIOMED'S MOTION TO COMPEL DISCOVERY OF
MAQUET'S REBUTTAL VALIDITY CONTENTIONS**

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................... 1

II.     BACKGROUND ..................................................................................................... 3

      a.     Case Schedule and Stage of Discovery.................................................... 3

      b.     Abiomed's Interrogatory Nos. 9 and 16 ................................................. 5

III.    LEGAL STANDARD............................................................................................. 6

IV.    ARGUMENT ......................................................................................................... 7

      a.     Abiomed's Validity Interrogatories are Premature and Seek Irrelevant
             Information ............................................................................................ 7

      b.     Abiomed's Validity Interrogatories Are Improperly Compound ........... 9

      c.     Abiomed's Validity Interrogatories Are Not Proportionate to the Needs of
             the Case................................................................................................ 12

      d.     Abiomed Is Not Prejudiced................................................................. 14

V.      CONCLUSION..................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**                                                                                      **PAGE(S)**

*Bonutti Skeletal Innovations LLC v. Linvatec Corp.*,
    No. 6:12-cv-1379-ORL-TBS, 2014 WL 186123 (M.D. Fla. Jan. 16, 2016) ...........................8

*IP Innovation, LLC et al. v. Sharp Corp.*,
    219 F.R.D. 427 (N.D. Ill. 2003)......................................................................................8

*Martin Marietta Materials Inc. v. Bedford Reinforced Plastics Inc.*,
    No. 3:03-cv-57, 2007 WL 1300772 (W.D. Pa. May 2, 2007) ...........................9, 10

*Microsoft Corp. v. i4i Ltd.*,
    131 S.Ct. 2238 (2011)......................................................................................13

*Monsanto Co. v. E.I. Du Pont De Nemours and Co.*,
    No. 4:09–cv–686, 2012 WL 27936 (E.D. Mo., Jan. 5, 2012)................................8

*Orion IP, LLC v. Staples, Inc., et al.*,
    No. 2:04-cv-297, 2005 U.S. Dist. LEXIS 48560 (E.D. Tex. July 7, 2005) .......................9–10

*SFA Sys., LLC v. Amazon.com, Inc. et al.*,
    No. 6:11-cv-052, 2013 U.S. Dist. LEXIS 189807 (E.D. Tex. Apr. 11, 2018)........................13

**RULES**

Fed. R. Civ. P. 26 .............................................................................................. *passim*

Fed. R. Civ. P. 33 .............................................................................................. *passim*

Local Rule 16.1 ..................................................................................................6, 9

Local Rule 16.6 .............................................................................................. *passim*

Local Rule 37.1 ....................................................................................................1

**STATUTES**

35 U.S.C. § 112.............................................................................5, 6, 10, 11, 14

**OTHER AUTHORITIES**

Public Notice of Revision to Local Rule 16.6 (Dec. 11, 2017) ................................................2, 11

## I.       INTRODUCTION

In accordance with Local Rule 37.1(c), Maquet Cardiovascular LLC ("Maquet") respectfully requests that the Court deny Abiomed Inc., Abiomed R&D, Inc., and Abiomed Europe GmbH's (collectively, "Abiomed") "Motion to Compel Discovery of Maquet's Rebuttal Validity Contentions" (D.I. 210) for four reasons. First, Abiomed's interrogatories concern "prior art" references and claims that have been (or soon will be) removed from this case and are thus directed to irrelevant information. Second, Abiomed's interrogatories contain numerous subparts in violation of Federal Rule of Civil Procedure 33(a) and Local Rule 26.1(c). Third, Abiomed's interrogatories are premature given (i) the Court's forthcoming *Markman* decision concerning claim construction issues that were argued just last week; (ii) the subsequent steps for narrowing of asserted claims and prior art references in accordance with a prior Court order that has already determined that discovery may take place on the narrowed set of claims; and (iii) the expert discovery disclosure process. Fourth, the disclosures Abiomed now seeks to compel Maquet to provide are neither required nor contemplated by this Court's local rules.

Maquet presently asserts that Abiomed infringes 35 claims across six patents. In 2017, Abiomed filed 20 petitions for *inter partes* review ("IPR") against these same six patents in an aggressive and costly campaign to convince the Patent Trial and Appeals Board ("PTAB") that these patents were invalid. All of Abiomed's IPR petitions were denied.

Having failed on the grounds it asserted at the Patent Office, Abiomed nevertheless asserts in this Court that the patents are invalid. Under U.S. patent law, Maquet's patents are presumed valid. In this Court, Abiomed bears the burden of proving invalidity by clear and convincing evidence—a higher standard than the "reasonable likelihood" standard that Abiomed's IPR petitions failed to meet.

In support of its invalidity positions and as required by this Court's local rules, Abiomed served more than 1,300 pages of invalidity contentions, citing 84 "prior art" references and applying those references in convoluted and ambiguous combinations that Abiomed argued relate to the 99 patent claims Maquet was asserting at that time. Subsequently, pursuant to this Court's November 22, 2017 Order (D.I. 178), Maquet reduced its number of asserted claims from 99 to 35. The November 22, 2017 Order further requires the parties to reduce the number of asserted claims and "prior art" references after the Court rules on the *Markman* claim construction issues. In particular, the Order requires Maquet to reduce its number of asserted claims to 18 within 30 days after a *Markman* ruling, and Abiomed will be required to reduce the number of its asserted "prior art" references to 12 references or systems within 60 days after the Court's *Markman* ruling.

As a practical matter, Maquet's rebuttal validity positions are certain to be informed by the Court's claim construction decisions and should await that ruling. Moreover, this Court has no patent or other local rule requiring Maquet—the party alleging patent infringement—to provide "Validity Contentions" concerning the validity of the patents-in-suit. *See* L.R. 16.6. Newly-proposed amendments to the Locals Rules, likewise, do not provide for any such "Validity Contentions." *See* PUBLIC NOTICE; REVISION TO LOCAL RULE 16.6 OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS (Dec. 11, 2017).[1]

Notwithstanding the above framework, Abiomed served two interrogatories seeking Maquet's point-by-point rebuttals to its vague and voluminous invalidity contentions. Maquet objected to these interrogatories, but also proposed a reasonable compromise whereby Maquet

---

[1] Available at http://www.mad.uscourts.gov/general/pdf/announce/12%2011%2017%20Public%20Notice%20re%20LR%2016.6%20Draft%20-%20Public%20Comment.pdf.

would provide more narrowly tailored responses in due course after the *Markman* order and subsequent narrowing of asserted claims and "prior art" references.

Abiomed rejected Maquet's offer and instead filed the instant motion, seeking an immediate response to its interrogatories. Abiomed's request is directed to irrelevant information, premature, improperly compound, overly broad, unduly burdensome, not proportional to the needs of the case, and at odds with the Local Rules. Thus, the Court should deny Abiomed's motion.

## II.    BACKGROUND

### a.    Case Schedule and Stage of Discovery

Appendix E to Local Rule 16.6 contemplates that Abiomed—the accused infringer—shall serve "Preliminary Invalidity Contentions," in which it "shall identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry," and "[i]f applicable . . . shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description." This district (like many others), has no counterpart local rule requiring Maquet—the party alleging infringement—to provide rebuttal contentions concerning the validity of its patents. *See* L.R. 16.6; *accord* Patent Local Rules for the U.S. District Court for the Northern District of California (Jan. 17, 2017);[2] Patent Local Rules for the U.S. District Court for the Eastern District of Texas (May 24, 2016).[3] Accordingly, no Scheduling Order in this case has contemplated that Maquet shall serve any such rebuttal "Validity Contentions."

On September 8, 2017, pursuant to Local Rule 16.6 and the Scheduling Order then in effect (D.I. 123), Abiomed served its "Invalidity Contentions," which consisted of over 1,300 pages

---

[2] Available at https://www.cand.uscourts.gov/localrules/patent.

[3] Available at http://www.txed.uscourts.gov/?q=patent-rules.

identifying a staggering 84 "prior art" references in myriad combinations that Abiomed asserts support its invalidity positions in this suit. Abiomed's invalidity contentions, while voluminous, provide minimal detail supporting Abiomed's arguments and instead recycle a number of vague exemplary citations as to how the "prior art" is relevant to the then-asserted 99 claims of the patents-in-suit. (*See generally* Declaration of Wade G. Perrin, Esq. ("Perrin Decl."), Ex. B).

On November 22, 2017, the Court ordered the parties to narrow the scope of this case through a tiered approach. First, Maquet was ordered to select no more than 35 asserted claims across the six patents-in-suit by November 29, 2017. (D.I. 178, 181). Maquet complied. (D.I. 182). Second, Abiomed was ordered to select no more than 20 terms for claim construction by December 5, 2017. (D.I. 178). Abiomed did so. (D.I. 184). The remaining narrowing events are triggered by the Court's *Markman* order: within 30 days, Maquet must further narrow its asserted claims to 18; and within 60 days, Abiomed must narrow its invalidity arguments to "no more than 12 primary prior-art references or system." (D.I. 178). In the same Order, the Court explained that "discovery may take place" on the 18 claims that Maquet must select 30 days after the *Markman* order. *Id.*

The *Markman* hearing occurred on April 24 and 25, 2018, and the parties anticipate the Court's *Markman* order to issue in the coming months. As Abiomed acknowledged during the *Markman* hearing, its proposed claim constructions are designed to support its non-infringement arguments. In other words, should the Court adopt certain of Abiomed's claim constructions, the scope of the case would be significantly narrowed. Therefore, the Court's *Markman* order may have a direct and significant influence on Maquet's later selection of 18 asserted claims and the scope of the case as a whole. Moreover, based on the Court's schedule, Abiomed's later selection of 12 "prior art" references or systems will have the benefit of considering both the *Markman* order together with Maquet's narrowing of asserted claims.

4

The parties have taken few substantive depositions, and no date has currently been set for the close of fact or expert discovery in this case.

### b.    Abiomed's Interrogatory Nos. 9 and 16

Abiomed served two interrogatories directed at issues concerning validity of the patents-in-suit (collectively, the "Validity Interrogatories"). First, on February 21, 2017, Abiomed propounded Interrogatory No. 9, which seeks:

> For each claim of the Patents-in-Suit that Maquet contends is valid under 35 U.S.C. § 112, on a claim-by-claim basis, state how a person of ordinary skill in the art at the time of the priority date would have found such claim to have sufficient written description and enabling disclosure, including identifying any support in the specification of the patent by column and line number or in the prior art.

(D.I. 208-1 (Declaration of John Padro ("Padro Decl.") Ex. 1), at 10). On September 8, 2017—the same date Abiomed served its Invalidity Contentions—Abiomed propounded Interrogatory No. 16, which seeks:

> If Maquet disagrees with any of the basis for invalidity set forth in Abiomed's Invalidity Contentions, state each disagreement and the basis for that disagreement, including identifying any fact that supports Maquet's position, including any person with knowledge of that fact and each document that refers or relates to that fact, identifying the support in the specification of each Patent-in-Suit that supports any disagreement related to any 35 U.S.C. § 112 position stated in Abiomed's Invalidity Contentions, identifying the basis for any position that any cited prior art patent, publication, reference or system is not prior art under any statutory provision, and identifying any claim limitation that Maquet contends is absent from any prior art reference analyzed in Abiomed's Invalidity Charts.

(*See* Perrin Decl. Ex. A, at 2). In its responses to these interrogatories and subsequent discussions with Abiomed's counsel, Maquet has objected to them as premature, compound, and unduly burdensome. Maquet also stated, with respect to Interrogatory No. 9, that "[t]he subject matter of the asserted claims is disclosed in the specifications of the asserted patents in a manner that

comports with the requirements of 35 U.S.C. § 112." (*See* D.I. 208-2 (Padro Decl. Ex. 2), at 3–7, 14–15; Perrin Decl. Ex. A, at 2–4).

Maquet objected to Interrogatory Nos. 9 and 16 as premature because they require expert discovery, which is only in its very early stages in this litigation. Maquet also objected on grounds of breadth and burden in view of Abiomed's impermissibly vague and unspecific invalidity contentions—formulating a response to each potential "prior art" reference and all combinations thereof as they relate to 99 separate patent claims would require an enormous effort on Maquet's part. Maquet further objected on the grounds that Interrogatory Nos. 9 and 16 are impermissibly compound and are thus in excess of the 25 interrogatories to which Abiomed is entitled under the Federal Rules of Civil Procedure, the Local Rules of this Court, and the parties' Joint Statement Pursuant to Local Rule 16.1(D) (D.I. 46 at 18). Finally, Maquet objected that these interrogatories are unduly burdensome and seek extensive responses, large portions of which will be of no practical benefit to furthering this litigation.

Maquet has met-and-conferred with Abiomed regarding these Interrogatories to both explain the bases for its objections and to propose potential resolutions of the parties' dispute outside of motion practice. Despite these efforts and the instructions of the Court, Abiomed has refused to narrow these Interrogatories or accept that its requests are unduly burdensome and premature, and instead Abiomed filed the instant motion.

## III.   LEGAL STANDARD

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Courts have broad discretion to manage interrogatories to obtain efficient and meaningful responses. In particular, courts "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

Under the Federal Rules of Civil Procedure and the Local Rules of this Court, parties are limited to no more than 25 written interrogatories. Fed. R. Civ. P. 33(a)(2); L.R. 26.1(c). "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Fed. R. Civ. P. 33 Advisory Committee Notes to 1993 Amendment. Courts also have broad authority to limit the burden one party may place on another through interrogatories where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## IV.  ARGUMENT

### a.  Abiomed's Validity Interrogatories are Premature and Seek Irrelevant Information

As an initial matter, Abiomed's Validity Interrogatories are largely directed to information concerning claims that are not asserted in this action; they therefore seek wholly irrelevant subject matter. Interrogatory No. 9 is broadly directed to Maquet's contentions concerning "*each claim* of the Patents-in-Suit," which on its face encompasses all *152 claims* across the six patents, rather than the narrowed set of *35 claims* currently asserted in this action or the *18 claims* Maquet must choose following the Court's *Markman* order. Likewise, Interrogatory No. 16 broadly seeks Maquet's disagreements with *any* of Abiomed's Invalidity Contentions, even though those Invalidity Contentions concern all then-asserted *99 claims* across the patents-in-suit, including *64 claims* which have since been removed from this action and *17 claims* which will further be removed 30 days after the Court's *Markman* order. These Interrogatories are therefore improperly drafted to target substantial amounts of irrelevant information.

Furthermore, Abiomed's Validity Interrogatories are largely directed to information that is the proper subject of expert discovery and—with respect to the 18 claims Maquet must choose after the *Markman* order—will be discussed at length in the parties' invalidity expert reports.

7

Interrogatory No. 9, on its face, seeks information concerning the knowledge of "a person of ordinary skill in the art at the time of the priority date" of the patents-in-suit ("POSA"). Interrogatory No. 16 similarly seeks information concerning how a POSA would view Abiomed's asserted "prior art" references as of the priority dates of the patents-in-suit. Accordingly, as Maquet has informed Abiomed, Maquet will supplement its responses at the appropriate time to disclose any opening or rebuttal expert opinions concerning validity of the patents-in-suit, as well as any of Maquet's legal contentions in view of either party's expert opinions on this subject.

District courts routinely decline to require a patent owner to provide responses to invalidity contentions before producing invalidity expert reports, and such courts have explained that requiring otherwise would be "oppressive" and "likely to result in a waste of time and resources." *See e.g.*, *Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, No. 6:12-cv-1379-ORL-TBS, 2014 WL 186123, at *4 (M.D. Fla. Jan. 16, 2016) (denying motion to compel interrogatory response to invalidity no sooner than 30 days after parties have disclosed all of their expert reports on invalidity); *Monsanto Co. v. E.I. Du Pont De Nemours and Co.,* No. 4:09–cv–686–ERW, 2012 WL 27936, at * 2 (E.D. Mo., Jan. 5, 2012) (acknowledging that courts have ordered responses to contention interrogatories as little as "two weeks before dispositive motions are due"); *IP Innovation*, *LLC et al. v. Sharp Corp.,* 219 F.R.D. 427, 429–30 (N.D. Ill. 2003) ("Plaintiffs' request for an invalidity analysis before [the expert] is required to produce its expert report is denied as premature."). These decisions are not surprising, because "[o]nce the expert opinions on invalidity are disclosed and analyzed, the invalidity issues may well narrow and change." *Bonutti*, at *4.

For at least the above reasons, Abiomed's motion must be denied to the extent it seeks irrelevant information concerning patent claims that are neither asserted now—in view of Maquet's election of 35 asserted claims on November 29, 2017 (D.I. 182)—or that will not be

asserted in view of the further claim narrowing that Maquet will be required to make within a month after the upcoming *Markman* claim construction ruling (D.I. 178). Abiomed's motion must also be denied in view of the further narrowing of "prior art" references that Abiomed will be required to make within two months after the *Markman* claim construction ruling (*id.*), and because it prematurely seeks Maquet's expert opinions and legal contentions that properly depend upon expert discovery.

### b.    Abiomed's Validity Interrogatories Are Improperly Compound

Not only are Abiomed's Validity Interrogatories directed to irrelevant and premature information, but they are also impermissibly compound. Consistent with Federal Rule of Civil Procedure 33(a) and Local Rules 16.1(d) and 26.1(c), the parties have agreed to a limit of 25 interrogatories per side. (*See* D.I. 46). Yet, through these two far-reaching and convoluted interrogatories, Abiomed seeks specific responses concerning hundreds of issues, in clear violation of the 25 interrogatory limit.

Under the Federal Rules, the limit on interrogatories explicitly encompasses "all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Fed. R. Civ. P. 33 Advisory Committee Notes to 1993 Amendment. Applying this principle, courts have held that when a single interrogatory seeks specific responses to dozens of specific prior art references, that interrogatory impermissibly joins together discrete requests and contravenes the discovery limitations of Rule 33. *See e.g.*, *Martin Marietta Materials Inc. v. Bedford Reinforced Plastics Inc.*, No. 3:03-cv-57, 2007 WL 1300772, at *4 (W.D. Pa. May 2, 2007) (refusing to compel patentee to provide validity contentions as to 57 prior art references in response to defendant's single interrogatory); *Orion IP, LLC v. Staples, Inc., et al.*, 2:04-cv-297-LED, 2005

U.S. Dist. LEXIS 48560, at *3 (E.D. Tex. July 7, 2005) (refusing to compel plaintiff to specifically rebut 50 prior art references in response to defendant's two interrogatories).

Here, Abiomed's Validity Interrogatories are precisely the type of compound interrogatories that courts have found improper and prohibited by Rule 33. Interrogatory No. 9 seeks a detailed, "claim-by-claim" response seeking Maquet's contentions as to how the patents contain sufficient written description and enabling disclosure for "each claim of the Patents-in-Suit that Maquet contends is valid under 35 U.S.C. § 112." Even more troubling, Interrogatory No. 16 seeks a detailed response that would broadly describe *any* "disagreement" Maquet may have with *any* of the bases for invalidity that are however loosely set forth in Abiomed's more than 1,300 pages of Invalidity Contentions. Abiomed further requests Maquet to describe *any* disagreements with *any* of Abiomed's arguments concerning the 84 separate "prior art" references Abiomed asserts (which collectively consist of thousands of pages separate from Abiomed's Invalidity Contentions) and to identify "any claim limitation that Maquet contends is *absent* from any prior art reference analyzed in Abiomed's Invalidity Charts." (Abiomed's Interrogatory No. 16 (emphasis added)). Such extensive requests "swallow the limitation of 25 interrogatories set forth in Federal Rule of Civil Procedure 33." *Martin Marietta Materials*, 2007 WL 1300772, at *4.

The Validity Interrogatories are particularly compound and convoluted in view of Abiomed's ambiguous Invalidity Contentions. Notably, the currently proposed revision to Local Rule 16.6 sets forth the type of information accused infringers like Abiomed are typically expected to include in their Invalidity Contentions, as follows:

> (E) Invalidity claim charts identifying all prior art that such party contends anticipates or renders obvious the patent claims identified by the patentee.
>
> (i) For each such prior-art reference, the accused infringer

shall specify whether it anticipates or renders the asserted claim obvious and shall also *identify specifically where in each alleged reference each element of each asserted claim can be found*. For each element that the accused infringer contends is a means-plus-function term under 35 U.S.C. § 112, the chart shall include *the identity of the structures, acts, or materials in each prior-art reference that perform the claimed function*.

(ii) If the accused infringer asserts that a combination of prior-art references renders a claim obvious, then the accused infringer shall *identify each such combination and the reason to combine the references*. For each combination, the accused infringer shall *identify specifically where in the combination of references each element of each asserted claim can be found*. For each element that the accused infringer contends is a means-plus-function term under 35 U.S.C. § 112, the chart shall *include the identity of the structures, acts, or materials in each combination that performs the claimed function*. If applicable, the accused infringer shall also *identify the primary and secondary references in each such combination*.

(F) Other Grounds for Invalidity. Any asserted grounds of invalidity based on patentability under 35 U.S.C. § 101, indefiniteness under 35 U.S.C.5 § 112, or enablement or written description under 35 U.S.C. § 112 of any of the asserted claims.

(G) Supporting Documents. Any documents relevant to the invalidity defenses and/or the identity of any such supporting documents produced by the patentee.

*See* PUBLIC NOTICE; REVISION TO LOCAL RULE 16.6 OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, at § 16.6(d)(4) (Dec. 11, 2017) (emphasis added).[4] Abiomed's Invalidity Contentions fall far short of providing detailed identification of claimed elements in the "prior art" references. Instead, Abiomed provides only general and exemplary citations to its vast collection of 84 "prior art" references. (*See generally* Perrin Decl. Ex. B). As they are drafted, the Validity Interrogatories thus require Maquet to comb through all of Abiomed's 84 asserted "prior

---

[4] Available at http://www.mad.uscourts.gov/general/pdf/announce/12%2011%2017%20Public%20Notice%20re%20LR%2016.6%20Draft%20-%20Public%20Comment.pdf.

art" references and explain how each and every disclosure therein does not, by itself or in combination with any other reference, anticipate or render obvious any claim of the patents-in-suit. Such an exercise far exceeds the proper scope of discovery under Rule 33.

   **c.   Abiomed's Validity Interrogatories Are Not Proportionate to the Needs of the Case**

Even if the Court were to permit Abiomed's compound interrogatories to the extent they can be narrowed to concern only non-expert, factual information regarding patent claims that are currently asserted in this action, these Interrogatories would still be overly broad, unduly burdensome, and ultimately disproportionate to the needs of the case given the imminent narrowing of the scope of this litigation. As discussed above, the forthcoming *Markman* order and the ensuing two-tiered, Court-ordered narrowing of both party's positions will substantially reduce the remaining validity issues. First, the *Markman* order may itself dispose of certain infringement and/or invalidity positions, which could have profound consequences for the scope and direction of this litigation. Thirty days later, Maquet's selection of no more than 18 asserted claims may cause claim limitations and their respective infringement allegations to be entirely removed from this case, rendering moot Abiomed's invalidity arguments concerning such limitations and thus the need to respond to those positions. Thirty days after that, Abiomed's selection of no more than 12 "prior art" references or systems will further drastically reduce the number of surviving invalidity issues.

In view of such forthcoming narrowing, any additional required response to the Validity Interrogatories beyond Maquet's current response is most efficiently and meaningfully provided, at earliest, *after* both the *Markman* order and Abiomed's narrowing of its asserted "prior art" to 12 references or systems. At that stage, Maquet would have the reasonable benefit of addressing only those surviving references and systems that Abiomed intends to rely on through expert

discovery to trial. There is no compelling justification, at this stage of the case, for Maquet to undergo a tremendous burden in preparing what amount to detailed "Validity Contentions" covering dozens of claims and "prior art" references that are either currently out of the case or will very soon be removed. Therefore, as a practical matter, any required response of Maquet would properly await the *Markman* ruling and subsequent claim and "prior art" narrowing.

Abiomed attempts to create an artificial sense of urgency by arguing that it is entitled to supplemental responses to Interrogatory Nos. 9 and 16 to consider in ***advance*** of its Court-ordered narrowing of "prior art" references. That position is unsupported by any local or federal rule or other legal authority. Again, Abiomed bears the burden of proving invalidity and that burden never shifts to the patentee. *See e.g.*, *Microsoft Corp. v. i4i Ltd.*, 131 S.Ct. 2238, 2242 (2011). Only "after [party bearing the burden of proof on invalidity] has met its initial burden, [responding party] may rebut [that] position, but not vice versa." *SFA Sys., LLC v. Amazon.com, Inc. et al.*, No. 6:11-cv-052-LED, 2013 U.S. Dist. LEXIS 189807, at *2 (E.D. Tex. Apr. 11, 2018).

Moreover, Abiomed's motion should also be denied because the burden and expense of responding to Interrogatory Nos. 9 and 16 at this time far outweighs the benefit. Fed. R. Civ. P. 26(b)(1). Abiomed's only purported "benefit" of obtaining the requested supplementation in advance of its narrowing of "prior art" is that it can strategically craft its revised set of "prior art" references to ***anticipate*** Maquet's ***rebuttal*** positions. Meanwhile, Maquet would need to expend monumental effort and resources in analyzing and formulating responses to Abiomed's thousands of pages of contentions and "prior art" references. Again, the overwhelming majority of references currently identified by Abiomed will not even be part of this case, given the forthcoming Court-ordered narrowing.

In sum, the Court should not allow Abiomed to saddle Maquet with such an excessive and disproportionate burden, particularly where the requested discovery is not required by any federal or local rule, violates the limits on interrogatory discovery, and is particularly premature in view of the Court-ordered narrowing of this case.

### d.     Abiomed Is Not Prejudiced

Finally, Abiomed cannot credibly claim that it has been or will be prejudiced by Maquet's refusal to provide the broad and burdensome discovery Abiomed demands through its Validity Interrogatories. If anything, Abiomed will already have the benefit of considering both the Court's *Markman* order and Maquet's narrowed selection of 18 asserted claims in later selecting its 12 "prior art" references or systems.

In addition, Abiomed has already received the factual bases supporting Maquet's contentions that the patents-in-suit are valid through Maquet's IPR responses, preliminary interrogatory responses, and extensive document production. Specifically, during the IPR process, Abiomed already obtained from Maquet hundreds of pages of briefing (as well as voluminous decisions from the PTAB) rebutting Abiomed's contentions on the "prior art." Maquet has likewise explained to Abiomed that the patents-in-suit were duly issued by the USPTO, and as a result of such issuance, they are each presumed to be valid. Maquet has directed Abiomed to the patents' specifications, which disclose the subject matter of the asserted claims "in a manner that comports with the requirements of 35 U.S.C. § 112." (*See, e.g.*, D.I. 208-2 (Padro Decl. Ex. 2), at 15). Maquet has further produced certified copies of the full prosecution history of each of the patents, providing all correspondence between Maquet and the USPTO from filing to issuance. Maquet has even produced several thousand pages of documents from the inventors of the patents-in-suit, including laboratory notebooks and drawings that evidence the conception and reduction to practice of the subject matter of the patents-in-suit. There is simply no basis for Abiomed to claim

prejudice by not *also* receiving a detailed set of unrequired "Validity Contentions" on a number of irrelevant claims and "prior art" references at this point in the case.

Finally, Abiomed has consistently rejected Maquet's good-faith attempts to discuss a potential resolution of this dispute outside of motion practice. Having explained that its Validity Interrogatories are premature and not proportional to the needs of the case, Maquet has nonetheless offered an alternative arrangement whereby Maquet would provide reasonable supplemental responses to narrowed interrogatories within a reasonable time after Maquet's receipt of Abiomed's narrowed set of 12 "prior art" references or systems. Maquet would then be able to provide a more targeted substantive response if, for example, together with Abiomed's narrowed set of 12 "prior art" references, Abiomed also served amended invalidity contentions that more particularly describe the specific portions of each narrowed "prior art" reference that Abiomed contends anticipate or render obvious the features of the to-be-selected 18 asserted claims of the patents-in-suit. Abiomed, however, has refused to agree to any proposal other than that Maquet immediately provide detailed responses to the Validity Interrogatories concerning all 99 claims and 84 "prior art" references. Rather than establishing any prejudice on its part, Abiomed seeks to burden and hinder Maquet with a costly and pointless exercise. In sum, it is incredible for Abiomed to contend that its ability to explore discovery concerning its invalidity arguments has been or will be prejudiced.

## V.     CONCLUSION

For the reasons set forth above, Maquet respectfully requests that the Court deny Abiomed's motion and exercise its discretion under Federal Rule of Civil Procedure 26(b)(1) and 33(a)(2) to order that any response to Interrogatory Nos. 9 and 16 be properly limited to relevant information and not be due until expert discovery on invalidity is complete or at the earliest until the parties have narrowed the asserted claims and "prior art" references.

Dated: May 2, 2018                    Respectfully submitted,

                                      */s/ Wade G. Perrin*

                                      Michael S. Connor
                                      **ALSTON & BIRD LLP**
                                      101 South Tryon Street, Suite 4000
                                      Charlotte, NC 28280
                                      Telephone: (704) 444-1000
                                      Facsimile: (704) 444-1111
                                      mike.connor@alston.com

                                      Paul Tanck
                                      Christopher L. McArdle
                                      Wade G. Perrin
                                      Andrew J. Ligotti
                                      **ALSTON & BIRD LLP**
                                      90 Park Avenue, 15th Floor
                                      New York, New York 10016
                                      Telephone: (212) 210-9400
                                      Facsimile: (212) 210-9444
                                      paul.tank@alston.com
                                      chris.mcArdle@alston.com
                                      wade.perrin@alston.com
                                      andy.ligotti@alston.com

                                      Margaret K. Minister
                                      **PIERCE ATWOOD LLP**
                                      254 Commercial Street
                                      Portland, ME 04101
                                      Telephone: (207) 791-1100
                                      Facsimile: (207) 791-1350
                                      mminister@pierceatwood.com

                                      Michael J. Derderian (BBO #682757)
                                      **PIERCE ATWOOD LLP**
                                      100 Summer Street, Suite 2250
                                      Boston, MA 02110
                                      Telephone: (617) 488-8112
                                      Facsimile: (617) 488-8112
                                      mderderian@pierceatwood.com

                                      *Attorneys for MAQUET Cardiovascular LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which sends electronic notice to all counsel of record.

Date: May 2, 2018            */s/ Wade G. Perrin*
                             Wade G. Perrin