# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ABIOMED, INC., | ) | |
| | ) | |
|     Plaintiff/Counter-Defendant, | ) | |
| | ) | Civil Action No. |
| v. | ) | 16-10914-FDS |
| | ) | |
| MAQUET CARDIOVASCULAR LLC, | ) | |
| | ) | |
|     Defendant/Third-Party | ) | |
|     Plaintiff/Counter-Defendant/ | ) | |
|     Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABIOMED EUROPE GMBH, | ) | |
| | ) | |
|     Third-Party Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABIOMED R&D, INC., | ) | |
| | ) | |
|     Third-Party Defendant/ | ) | |
|     Counter-Claimant. | ) | |

### ORDER ON ABIOMED'S MOTION TO COMPEL DISCOVERY OF MAQUET'S REBUTTAL VALIDITY CONTENTIONS

**SAYLOR, J.**

This is an action for patent infringement. Defendant Maquet Cardiovascular, LLC owns six patents directed to guidable intravascular blood pumps and related methods. Plaintiff Abiomed, Inc. ("Abiomed") filed this action seeking declaratory judgment that it does not infringe those patents and that they are invalid.

Abiomed has filed a motion to compel discovery of Maquet's rebuttal validity

contentions. For the reasons described below, that motion will be granted in part and denied in part.

I. **Background**

Maquet served its infringement contentions on May 25, 2017, in which it asserted 98 claims against four of Abiomed's products. On September 8, 2017, Abiomed served its noninfringement and invalidity contentions as to all 98 of those claims, citing to 84 prior-art references.

On November 29, 2017, pursuant to the Court's narrowing order, Maquet selected 35 claims to move forward with in this lawsuit.

Thirty days after the Court issues its *Markman* order, Maquet will further limit its asserted claims to 18. Thirty days after Maquet limits its claims, Abiomed will narrow its list of primary prior-art references to 12.

On February 21, 2017, and September 8, 2017, respectively, Abiomed served Maquet with the following interrogatories:

> 9. For each claim of the Patents-in-Suit that Maquet contends is valid under 35 U.S.C. § 112, on a claim-by-claim basis, state how a person of ordinary skill in the art at the time of the priority date would have found such claim to have sufficient written description and enabling disclosure, including identifying any support in the specification of the patent by column and line number or in the prior art.
>
> 16. If Maquet disagrees with any of the bases for invalidity set forth in in Abiomed's Invalidity Contentions, state each disagreement and the basis for that disagreement, including identifying any fact that supports Maquet's position, including any person with knowledge of that fact and each document that refers or relates to that fact, identifying the support in the specification of each Patent-in-Suit that supports any disagreement related to any 35 U.S.C. § 112 position stated in Abiomed's Invalidity Contentions, identifying the basis for any position that any cited prior art patent, publication, reference or system is not prior art under any statutory provision, and identifying any claim limitation that Maquet contends is absent from any prior art reference analyzed in Abiomed's Invalidity Charts.

(Logsdon Decl. Ex. 1 at 14; Ex. 2 at 2).

Maquet objected to those interrogatories as overly broad, unduly burdensome, and premature, contending that it should not have to respond before the Abiomed has narrowed its primary prior-art references to 12. Abiomed filed the present motion to compel Maquet to respond within 30 days of the Court's order granting its motion.

## II.     Standard of Review

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until the designated discovery is complete, or until a pretrial conference or some other time."  Fed. R. Civ. P. 33(a)(2).

## III.    Analysis

The discovery Abiomed requests is routinely granted in patent cases.  *E.g.*, *SPH Am. LLC v. Research in Motion Ltd.*, 2016 WL 6305414, at *1-2, *5 (S.D. Cal. Aug. 16, 2016).  Maquet does not dispute that rebuttal contentions are generally appropriate.  Instead, it contests the timing and scope of its obligation to respond.

As to timing, Maquet contends that it should not have to provide rebuttal contentions until after Abiomed narrows its validity contentions to 12 primary references.  In fairness, Maquet must respond sooner than that.  Maquet had the benefit of Abiomed's noninfringement contentions prior to narrowing its asserted claims; Abiomed should be able to see Maquet's validity contentions prior to narrowing its prior-art references.  Maquet also contends that Abiomed's contentions prematurely seek expert discovery.  Maquet, may of course, supplement its responses with expert testimony, but Abiomed is entitled to at least a preliminary idea of Maquet's position in order for its own experts to address the relevant points.  The purpose of having the parties exchange contentions is to ensure that discovery is directed to the issues the

parties actually dispute. Withholding validity contentions until after expert discovery would frustrate that purpose.

Accordingly, Maquet will be required to respond to Abiomed's interrogatories on the same day that it provides its final selection of the 18 asserted claims—that is, no later than 30 days after the Court's *Markman* order.

As to scope, Maquet need only address the invalidity grounds that Abiomed has advanced against the 18 claims that Maquet will have decided to assert. The Court is unmoved by Maquet's complaint that it will have to address prior-art references that Abiomed might eventually drop. Maquet required Abiomed to prepare infringement and invalidity contentions for 99 claims. Maquet complains that Abiomed has not provided detailed contentions for its 84 references, but Abiomed has clarified in its reply that it seeks detailed responses only to the seven primary reference charts it included in its invalidity contentions. (Pl. Reply at 7). Maquet need only respond to each ground asserted against its chosen 18 claims with the same approximate level of detail that Abiomed provided in its invalidity contentions.[1]

## IV. Conclusion

Abiomed's motion to compel Maquet's rebuttal validity contentions is GRANTED in part and DENIED in part, as follows: Maquet is ORDERED to respond to Interrogatories 9 and 16 on the same day that it narrows its case to 18 asserted claims. It need only respond to Interrogatory 9 as to those 18 claims, and it need only respond to Interrogatory 16 as to grounds asserted against any of those 18 claims.

---

[1] Maquet also complains that Abiomed's interrogatories are improperly compound. The Court does not consider the interrogatories to contain inappropriate "multiple discrete subparts." Each of Abiomed's interrogatories will be counted as one interrogatory for the purposes of Fed. R. Civ. P. 33(a)(1).

**So Ordered.**

Dated:  August 24, 2018

/s/  F. Dennis Saylor  
F. Dennis Saylor, IV  
United States District Judge