UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC., | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) Civil Action No. |
| | ) 16-10914-FDS |
| MAQUET CARDIOVASCULAR LLC, | ) |
| Defendant/Third-Party Plaintiff/Counter-Defendant/ Counter-Claimant, | ) |
| v. | ) |
| ABIOMED EUROPE GMBH, | ) |
| Third-Party Defendant, | ) |
| v. | ) |
| ABIOMED R&D, INC., | ) |
| Third-Party Defendant/ Counter-Claimant. | ) |

**ORDER ON ABIOMED'S MOTION TO COMPEL DISCOVERY
OF MAQUET'S PATENT ASSESSMENTS AND VALUATIONS**

**SAYLOR, J.**

This is an action for patent infringement. Defendant Maquet Cardiovascular, LLC owns six patents directed to guidable intravascular blood pumps and related methods. Plaintiff Abiomed, Inc. ("Abiomed") filed this action seeking declaratory judgment that it does not infringe those patents and that they are invalid.

Abiomed has filed a motion to compel discovery of Maquet's patent assessments and

valuations. For the reasons described below, that motion will be denied.

I. **Background**

Abiomed served Maquet with the following interrogatories on February 21, 2017:

> 1. Describe and identify any assessments and/or valuation(s) of the Patents-in-Suit, any Related Patents, or any Related Applications, performed by or for, or in the possession of, Maquet or any corporate affiliate of Maquet or other Getinge Group entity, including but not limited to Getinge AB and Getinge Group, including any assessments and/or valuation(s) performed by any such entities in connection with any acquisition of the Patents-in-Suit, any consideration paid by any such entities to any third party, including but not limited to any Predecessor-in-Interest, or any pricing associated with the transfer of rights in the Patents-in-Suit from any corporate affiliate of Maquet or other Getinge Group entity, including but not limited to Getinge AB and Getinge Group, to Maquet, including identifying the production number for any documents relating to the above descriptions and identification of the three (3) persons most knowledgeable about any such assessment or valuation.
>
> 5. Identify and describe all licenses and attempts to license under which any entity has obtained or would (if licensed) obtain a right to make, use, sell, offer to sell, import or practice the alleged invention claimed in the Patents-in-Suit, including but not limited to, for each such license, the licensor and licensee, the production number of documents relating to such license, the effective date and royalty rate of such license, all consideration and revenue received, paid, or to be received under the license on an annual basis, and any documents, witnesses, or other evidence that Maquet believes supports its contentions.

(Padro Decl. Ex. 1 at 8-10).

As to Interrogatory 1, Maquet responded that it is not aware of any non-privileged patent assessments or valuations. It responded to Interrogatory 5, however, with information and documents related to a licensing negotiation with another heart-pump company. Among those documents was a presentation Maquet gave to the heart-pump company, which indicated that Maquet had proposed to give the company an exclusive license in exchange for a sum of money Abiomed believes to be substantially less than the damages figure Maquet will request in this case. (Padro Decl. Ex. 3 at MAQ_00003732). That presentation also included "Valuation Reference" slides estimating the amount that heart-pump company, if it were to acquire

2

enforcement rights in Maquet's patents, might receive from Abiomed at a particular proposed royalty rate. (Padro Decl. Ex. 3 at MAQ_00003773-77).

Abiomed requested that Maquet supplement its responses to Interrogatory 1 to include what it termed the "patent assessments and valuations" Maquet made in connection with the negotiations with the heart-pump company. Maquet declined to do so, and Abiomed filed this motion to compel.

## II. Standard of Review

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until the designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

## III. Analysis

Abiomed contends that the licensing negotiations with the heart-pump company involved "patent assessments and valuations" responsive to Interrogatory 1 and that Maquet should so supplement its discovery responses. But "patent assessments and valuations" refer to valuations of the patent as a whole—that is, how much Maquet believes someone would pay for the entire bundle of rights conferred by the patent. Indeed, that understanding is reflected in Abiomed's interrogatory, which includes "assessments and/or valuation(s) performed . . . in connection with any acquisition of the Patents-in-Suit." The "valuations" made in connection with the licensing negotiations, in contrast, reflect what Maquet believes a particular company will pay for a license to certain rights associated with the patents, a revenue stream that would certainly be included in a valuation of the patent as a whole, but that does not account for the entire value of the patent. Information related to actual or potential licensing agreements is certainly discoverable and

relevant to the analysis of reasonable-royalty damages or injunctive relief for the reasons Abiomed has given. And Maquet has produced that information in response to Interrogatory 5, which requested it. To the extent Abiomed believes those responses are deficient, it may raise the matter with Maquet and then, if necessary, the Court. But Maquet has consistently represented that it has no non-privileged valuations of the patents themselves to produce, and Abiomed has given the Court no reason to believe that that is not true. [1]

## IV. Conclusion

For the foregoing reasons, Abiomed's motion to compel discovery of Maquet's patent assessments and valuations is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: August 24, 2018
United States District Judge

---

[1] The Court acknowledges that the negotiations with the other heart-pump company seems to include a valuation of Maquet's patent portfolio (which includes more than just the patents asserted in this suit) as it might be asserted against Abiomed specifically. To the extent Abiomed is contending that that information should be designated as responsive to Interrogatory 1, the Court sees no reason to force Maquet to reproduce information Abiomed already has.