UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ABIOMED, INC., | ) |
|       Plaintiff/Counter-Defendant, | ) Civil Action No. |
| v. | ) 16-10914-FDS |
| MAQUET CARDIOVASCULAR LLC, | ) |
|       Defendant/Third-Party Plaintiff/Counter-Defendant/ Counter-Claimant, | ) |
| v. | ) |
| ABIOMED EUROPE GMBH, | ) |
|       Third-Party Defendant, | ) |
| v. | ) |
| ABIOMED R&D, INC., | ) |
|       Third-Party Defendant/ Counter-Claimant. | ) |

## ORDER ON ABIOMED'S MOTION TO COMPEL PRODUCTION OF PATENT TRANSACTION, ASSESSMENT, VALUATION, AND LICENSING DOCUMENTS

**SAYLOR, J.**

This is an action for patent infringement. Defendant Maquet Cardiovascular, LLC ("Maquet") is the owner of several patents for guidable intravascular blood pumps and related methods. Plaintiff Abiomed, Inc. ("Abiomed") has filed a complaint requesting declaratory judgement of noninfringement of three Maquet patents. Maquet has filed a counterclaim.

Maquet is part of the Getinge Group, an assortment of companies whose ultimate owner

is Getinge AB, a Swedish corporation. Abiomed has moved to compel production of patent transaction, assessment, valuation, and licensing documents held by Getinge Group entities located outside of the United States. Abiomed contends that the requested documents are relevant to its claims and defenses, and that the documents are in the possession, custody, or control of Maquet.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The requested discovery appears to be outside the scope of discoverable information under Rule 26(b)(1). The potential relevance of the documents is not always clear, and there are substantial questions as to whether the documents as a general matter are cumulative, duplicative, or privileged, to the extent they are relevant. Furthermore, and more importantly, Abiomed has not demonstrated that the documents are within the custody or control of Maquet. The documents at issue appear to be located in Sweden. The mere fact that Maquet is a subsidiary of Getinge, and appears to share a legal-services department, is not enough to establish that it is the alter ego of its parent. There is no evidence of intermingling of officers and directors, or failure to observe corporate formalities. And Abiomed has not established that Maquet can obtain access to the documents of the parent on demand, or otherwise has effective control over the documents.

Accordingly, Abiomed's motion to compel production of patent transaction, assessment,

valuation, and licensing documents from Getinge Group entities is DENIED.

**So Ordered.**

Dated:  June 21, 2019

/s/  F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge