# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | Civil Action No. |
| v. ) | 16-10914-FDS |
| ) | |
| MAQUET CARDIOVASCULAR LLC, ) | |
| ) | |
| Defendant/Third-Party ) | |
| Plaintiff/Counter-Defendant/ ) | |
| Counter-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| ABIOMED EUROPE GMBH, ) | |
| ) | |
| Third-Party Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| ABIOMED R&D, INC., ) | |
| ) | |
| Third-Party Defendant/ ) | |
| Counter-Claimant. ) | |

## ORDER ON ABIOMED'S MOTION FOR A PROTECTIVE ORDER REGARDING MAQUET'S UNPLEADED INFRINGEMENT THEORIES

**SAYLOR, J.**

This is an action for patent infringement. Defendant Maquet Cardiovascular, LLC ("Maquet") is the owner of several patents for guidable intravascular blood pumps and related methods. Plaintiff Abiomed, Inc. ("Abiomed") has filed a complaint requesting declaratory judgement of noninfringement of three Maquet patents. Maquet has filed a counterclaim.

Abiomed has moved for a protective order prohibiting Maquet from seeking discovery of

any information related to 35 U.S.C. § 271(f)—that is, foreign sales attributed to products whose components were exported from the United States for assembly and sale outside of the United States. Abiomed contends that because Maquet has not specifically pleaded 35 U.S.C. § 271(f) as a basis for its infringement claims, discovery into those issues is beyond the scope of this litigation, irrelevant, and not proportional to the needs of the case.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Because "discovery itself is designed to help define and clarify the issues," the limits set forth in Rule 26 may, in appropriate circumstances, "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Rockstar Consortium US LP & Netstar Techs. LLC v. Google Inc.*, 2015 WL 5972422, at *4 (D. Mass. Oct. 14, 2015) (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Discovery related to worldwide sales appears to be potentially relevant to Maquet's claims under § 271 (for example, as to damages), even assuming that it failed to plead infringement under § 271(f).[1] The requested discovery also appears to be proportional to the needs of the case because it appears to be reasonably targeted and relatively limited in scope, and

---

[1] This order only concerns the discoverability of the information at issue. The Court takes no position as to whether Maquet properly pleaded a claim under § 271(f), whether the evidence will support such a claim, or whether the discovery at issue will be relevant and admissible at trial.

because Abiomed has not demonstrated that production of the information would constitute an undue burden.

Accordingly, Abiomed's motion for a protective order is DENIED. Maquest's request for reasonable expenses incurred in bringing this motion is likewise DENIED.

**So Ordered.**

Dated: June 21, 2019

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge