# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ABIOMED, INC., | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) Civil Action No. <br> ) 16-10914-FDS |
| MAQUET CARDIOVASCULAR LLC, | ) |
| Defendant/Third-Party <br> Plaintiff/Counter-Defendant/ <br> Counter-Claimant, | ) |
| v. | ) |
| ABIOMED EUROPE GMBH, | ) |
| Third-Party Defendant, | ) |
| v. | ) |
| ABIOMED R&D, INC., | ) |
| Third-Party Defendant/ <br> Counter-Claimant. | ) |

## ORDER ON ABIOMED'S MOTION TO STRIKE PORTIONS OF MAQUET'S SECOND SUPPLEMENTAL NON-INFRINGEMENT CONTENTIONS

**SAYLOR, J.**

Plaintiff and counterclaim defendants Abiomed, Inc.; Abiomed, R&D Inc.; and Abiomed Europe GmbH (collectively, "Abiomed") have moved for an order striking the second supplemental non-infringement contentions of defendant and counterclaim plaintiff Maquet Cardiovascular, LLC dated May 31, 2019, among other forms of requested relief. The supplemental contentions add a claim under 35 U.S.C. § 271(f) and certain additional

infringement contentions concerning the "guide mechanism" term.

As to the supplemental contentions that seek to assert new claims under 35 U.S.C. § 271(f), the motion to strike is GRANTED.

A "remedy by civil action for infringement" is provided by 35 U.S.C. § 281. "Section 271 outlines several types of infringement." *WesternGeco LLC v. ION Geophysical Corp.*, 138 S.Ct. 2129 (2018). "The general infringement provision, § 271(a), covers most infringements that occur 'within the United States.' [Section 271(f)] 'expands the definition of infringement to include supplying from the United States a patented invention's components.'" (*Id.*) (citations omitted).

The counterclaim filed by Maquet in this action, as amended on November 20, 2017, asserts no claim for relief under § 271(f), either directly or indirectly. The counterclaim neither refers to the section specifically, nor tracks its language, nor makes factual allegations from which it could be reasonably inferred that a § 271(f) claim is intended. A claim for relief is not an infringement contention. A new claim, not previously asserted, may only be added by an amendment to the counterclaim under Fed. R. Civ. P. 15, and subject to the requirements and limitations of that rule. The supplementation of claim contentions is intended to permit refinement of a party's infringement theories in light of the court's claim construction and (in some circumstances) the development of discovery; it is not intended to permit the assertion of entirely new unpleaded claims and sidestep the Rule 15 amendment process.

As to the supplemental contentions that add new infringement contentions concerning the "guide mechanism" term, the motion to strike is DENIED.

The service of supplemental amended contentions was not literally prohibited by the Court's scheduling order, as the Court did not (through inadvertence) set a date for service of

final contentions. Maquet also contends that its amendment is based on "newly adduced" evidence that was not previously available to it. (Mem. at 1, 13). Under the circumstances, it is unclear whether the Court can deny the amendment consistent with basic fairness.

Nonetheless, the amended contentions unquestionably have been filed at a late stage in the proceeding, and raise considerable concerns about the fair and efficient management of this litigation. Maquet has assured the Court that its amendment simply "narrows" its asserted claims and "merely elaborates and refines an infringement theory." (*Id.* at 1, 12). That suggests that neither further discovery nor further claim construction will be required. The Court also believes, for obvious reasons, that further amendment of infringement contentions should be barred.

Accordingly, the parties shall file written memoranda to the Court on or before September 10, 2019, addressing the following topics:

(1) whether any further factual discovery is required, and, if so, what specific discovery and in what proposed time frame;

(2) whether any further claim construction is required, and if so, as to what terms; and

(3) whether any further amendments of claim contentions should be prohibited.

The parties may also file motions concerning the subject of this Order, as appropriate, by September 10, 2019.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor, IV
Dated: August 23, 2019  United States District Judge