# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

———————————————————————
                                          )
**ABIOMED, INC.,**                        )
                                          )
          **Plaintiff/Counter-Defendant,** )
                                          )        **Civil Action No.**
     **v.**                               )        **16-10914-FDS**
                                          )
**MAQUET CARDIOVASCULAR LLC,**            )
                                          )
          **Defendant/Third-Party**        )
          **Plaintiff/Counter-Defendant/** )
          **Counter-Claimant,**            )
                                          )
     **v.**                               )
                                          )
**ABIOMED EUROPE GMBH,**                  )
                                          )
          **Third-Party Defendant,**       )
                                          )
     **v.**                               )
                                          )
**ABIOMED R&D, INC.,**                    )
                                          )
          **Third-Party Defendant/**       )
          **Counter-Claimant.**            )
———————————————————————)

### ORDER ON ABIOMED'S MOTION FOR RECONSIDERATION OF ORDER ON MAQUET'S SECOND SUPPLEMENTAL INFRINGEMENT CONTENTIONS

**SAYLOR, C.J.**

This is an action for patent infringement.  Defendant and counterclaim-plaintiff Maquet

Cardiovascular LLC owns six patents directed to guidable intravascular blood pumps and related

methods.  Plaintiff and counterclaim-defendants Abiomed, Inc.; Abiomed R&D, Inc.; and

Abiomed Europe GmbH (collectively, "Abiomed") filed this action seeking a declaratory

judgment that it does not infringe those patents and that they are invalid.  Abiomed has filed a

motion seeking reconsideration of this Court's August 23, 2019 order concerning Maquet's second supplemental infringement contentions, among other forms of requested relief.

In its second supplemental contentions, dated May 31, 2019, Maquet added a claim under 35 U.S.C. § 271(f) and a claim of literal infringement concerning the "guide mechanism" term. Abiomed moved to strike both additions. The Court granted Abiomed's motion in part and denied it in part, striking the § 271(f) claim but permitting the addition of the claim concerning the "guide mechanism" term. Abiomed now seeks reconsideration of the Court's denial of its motion to strike the amended "guide mechanism" contention.[1] It also moves for an order prohibiting further amendments to the parties' infringement contentions, and requiring that any amendments in *Maquet Cardiovascular LLC v. Abiomed Inc. et al.,* 1:17-cv-12311-FDS ("*Abiomed/Maquet II*") be allowed only upon a motion for leave and a showing of good cause, in accordance with Local Rule 16.6(d)(5). For the reasons set forth below, the motion for reconsideration and associated relief will be denied.

Under Fed. R. Civ. P. 59(e), a motion for reconsideration will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81–82 (1st Cir. 2008).

Abiomed contends that the Court misapprehended Maquet's stated reasons in favor of permitting the additional "guide mechanism" contentions, due to misrepresentations by Maquet. The Court based its original decision on three factors. First, the service of supplemental amended contentions was not literally prohibited by its scheduling order, which (inadvertently)

---

[1] In the alternative, Abiomed seeks ten additional pages of summary judgment briefing to address the new "guide mechanism" contention. That component of its motion is now moot. The Court granted Abiomed ten additional pages during a September 10, 2019 status conference. (Tr. of Sept. 10, 2019 Status Conference at 4-5). Abiomed has filed a motion for summary judgment of non-infringement with additional pages.

did not set a deadline for service of final contentions.  (Order on Abiomed's Mot. to Strike at 2).

Second, it relied upon Maquet's representation that its amendment was based on good cause—

that is, "newly adduced" evidence that was previously unavailable.  (*Id.* at 3).  Third, it relied

upon Maquet's representation that the amendment "narrows" the asserted claims and/or "merely

elaborates and refines an infringement theory," minimizing prejudice to Abiomed and further

delay in litigation.  (*Id.*).  Abiomed, in its motion to reconsider, contends that Maquet

misrepresented that its amendment was based on "newly adduced evidence" and is a narrowing,

elaboration, or refinement of a previously stated infringement theory, and therefore the ruling

was based on a misapprehension of fact.

The procedural history of Maquet's "guide mechanism" claim may be briefly

summarized as follows.  On May 25, 2017, Maquet served its preliminary infringement

contentions, which asserted that the "pigtail" feature of Abiomed's Impella blood pump device

literally infringed the patent claim for a "guide mechanism."  (Abiomed Mem. at 6).[2]  On

September 7, 2018, the Court issued its claim-construction order, which in relevant part

construed the term "guide mechanism adapted to guide said intravascular blood pump and

cannula to a predetermined location within the circulatory system of a patient" as a means-plus-

function term with three claimed structures.  (Mem. and Order on Claim Construction at 44-47).

Of the three claimed structures, Maquet contends that Abiomed's Impella infringes upon the

following structure as construed by the Court:  "a guide wire passing slideably through a lumen

extending through a guide carriage integrally formed along at least a portion of the cannula

sidewall."  (*Id.*; Abiomed Mem. at 7).  On October 9, 2018, Maquet served its first supplemental

---

[2] According to Maquet's infringement contentions, the "pigtail" is a component that is formed at the distal end of the cannula of the Impella.  It contains a lumen, or opening, into which a "guide wire" passes, facilitating the guiding of the Impella into a predetermined location within the patient's circulatory system.  (Abiomed Mem. at 6-7).

contentions, which asserted that the Impella device—specifically, the combination of the pigtail and guide wire—infringed the "guide mechanism" claim under the doctrine of equivalents and as an equivalent under 35 U.S.C. § 112, ¶ 6. (Abiomed Mem. at 7). Maquet did not assert that the guide wire and pigtail combination of the Impella satisfied the adopted claim construction of "guide mechanism," but rather, that the difference between the Impella and the structure described in its "guide mechanism" claim was insubstantial. (*Id.*). On May 31, 2019, Maquet served its second supplemental contentions, which form the basis of this dispute. Those contentions assert that the guide wire and pigtail combination of the Impella both literally infringes the patent *and*, in the alternative, infringes under the doctrine of equivalents and § 112, ¶ 6. (*Id.* at 8-9).[3] Abiomed opposes the addition of Maquet's contention of literal infringement.

The Court did not misapprehend Maquet's explanation that its decision to supplement its "guide mechanism" infringement contentions was based in part on "newly adduced" evidence. Abiomed contends that the documents cited in Maquet's second supplemental contentions were produced in discovery by no later than June 2018 and hardly qualified as "newly adduced" evidence at the time of Maquet's service in May 2019. (Abiomed Mem. at 4-5).[4] While that may be true, Maquet also relied on depositions of Abiomed's witnesses taken in February 2019 in framing its amended contentions. Those depositions covered the structure and function of the "pigtail" component of the Impella and how it is connected to the other parts of the Impella. (Maquet Opp. at 8). Maquet alleges that it relied upon those statements in framing its amended contention that the Impella pigtail is a "guide wire passing slideably through a lumen extending

---

[3] Maquet justified its late supplementation in part by stating that it was waiting for the Court's *Markman* reconsideration order, which was published on May 22, 2019, in order to finalize its contentions. (Maquet Opp. at 6).

[4] Specifically, Abiomed states that the Instructions for Use for the Impella were produced on March 27, 2017, and are publicly available. (Abiomed Mem. at 4-5). In addition, Abiomed states that Document Nos. AB-M00177347 and AB-M00538297 were produced on August 11, 2017, and June 27, 2018, respectively. (*Id.* at 5).

through a guide carriage integrally formed along at least a portion of the cannula sidewall" and, therefore, literally infringed the "guide mechanism" claim.  (Maquet Opp. to Abiomed Mot. to Strike at 10-11).  Unsurprisingly, Abiomed disagrees with that interpretation of its witnesses' statements.  It contends that because the February 2019 depositions were not helpful to Maquet (according to Abiomed's interpretation) and, at any rate, occurred more than three months before Maquet's service of its amended contentions in May 2019, they were not "newly adduced evidence."  (Abiomed Mem. at 5; Abiomed Reply Mem. at 5).

The Court declines to reconsider its order based on that argument.  Regardless of the difference in the parties' interpretations of the depositions, it is undisputed that Maquet incorporated the information elicited in those depositions concerning the structure of the pigtail of the Impella into its amended contentions of literal infringement.  Therefore, Maquet did rely on newly adduced evidence in making those contentions.  Whether the evidence actually supports its theory is, of course, a question for another day.

Furthermore, the Court did not misapprehend Maquet's explanation that the amended contention of literal infringement of the "guide mechanism" claim was a "narrowing," "elaborat[ion]" or "refine[ment]" of an existing infringement theory.  Maquet's initial infringement contentions, served in May 2017, alleged that the Impella pigtail literally infringed its patent.  Its first supplemental contentions, served in October 2018, asserted only infringement as an equivalent, and did not claim that the Impella pigtail satisfied the Court's construction of the "guide mechanism" claim, but rather was functionally equivalent to it.  Abiomed characterizes Maquet's first supplemental contentions as a wholesale admission that the Impella products do not satisfy the adopted claim construction (that is, that they do not literally infringe). (Abiomed Mem. at 6).  Accordingly, it further characterizes the renewal of the literal-

infringement claims in Maquet's second supplemental contentions as a "completely new theory." (*Id.*).  The Court does not agree that Maquet's dropping of its literal infringement contentions in October 2018—when the deadline to finalize contentions had not yet been set—was necessarily a binding admission that such a theory was untenable.  Furthermore, the fact that Maquet asserted literal infringement of the "guide mechanism" in its initial contentions means that it was not a completely new theory that blindsided Abiomed.  The fact that Maquet asserted a theory, dropped it, and then asserted it again of course suggests that the theory may be problematic. Again, however, the Court need not resolve that issue at this stage.  And, in any event, both parties have agreed that the amended "guide mechanism" contention requires no new factual discovery or claim construction.  The amendment therefore does not represent an unduly prejudicial refinement or broadening of the claims.  The motion for reconsideration will therefore be denied.

The portion of the motion that seeks an order prohibiting further amendments to the parties' infringement contentions will be denied as moot.  The Court has already set a deadline of September 17, 2019, for final amendments to infringement contentions.  (Tr. of Sept. 10, 2019 Status Conference at 13).

The portion of Abiomed's motion that seeks an order requiring that any amendments in *Maquet Cardiovascular LLC v. Abiomed Inc. et al.,* 1:17-cv-12311-FDS ("*Abiomed/Maquet II*") be allowed only upon a motion for leave and a showing of good cause, in accordance with Local Rule 16.6(d)(5), will also be denied.  The Court's order on claim construction in that matter is forthcoming, and the parties will be afforded an opportunity to amend their contentions within 28 days after the issuance of that order.  The Court will issue a separate scheduling order in that matter to that effect.

For the foregoing reasons, plaintiff Abiomed's motion for reconsideration is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor, IV
F. Dennis Saylor, IV
Dated:  June 24, 2020                          Chief Judge, United States District Court