**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ABIOMED, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | Civil Action No. |
| v. | ) | 16-10914-FDS |
| | ) | |
| MAQUET CARDIOVASCULAR LLC, | ) | |
| | ) | |
| Defendant/Third-Party | ) | |
| Plaintiff/Counter-Defendant/ | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABIOMED EUROPE GMBH, | ) | |
| | ) | |
| Third-Party Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABIOMED R&D, INC., | ) | |
| | ) | |
| Third-Party Defendant/ | ) | |
| Counter-Claimant. | ) | |

**ORDER ON ABIOMED'S MOTION TO PRECLUDE AND FOR A PROTECTIVE
ORDER ON MAQUET'S ASSIGNOR ESTOPPEL THEORY**

**SAYLOR, C.J.**

This is an action for patent infringement. Defendant and counterclaim-plaintiff Maquet Cardiovascular LLC owns six patents directed to guidable intravascular blood pumps and related methods. Plaintiff and counterclaim-defendants Abiomed, Inc.; Abiomed R&D, Inc.; and Abiomed Europe GmbH (collectively, "Abiomed") manufacture the "Impella" line of intravascular blood pumps. Abiomed filed this action seeking a declaratory judgment that its

Impella products do not infringe Maquet's patents. Maquet has filed a counterclaim seeking a declaratory judgment and damages for infringement.

Abiomed has asserted, as a defense to Maquet's infringement counterclaim, that the remaining contested claims, Claims 16 and 17 of Patent No. 7,022,100 ("The '100 Patent") are invalid.[1] In response, Maquet has asserted that Abiomed should be barred from claiming that the '100 Patent is invalid under the doctrine of assignor estoppel.

Abiomed now seeks a protective order (1) precluding Maquet from asserting an assignor-estoppel defense to Abiomed's claim of invalidity; (2) preventing Maquet from seeking additional discovery on its assignor-estoppel theory; and (3) striking Maquet's September 6, 2019 letter to the court concerning that theory. For the reasons set forth below, the motion will be denied.

Assignor estoppel is "an equitable doctrine that prohibits an assignor of a patent or patent application, or one in privity with him, from attacking the validity of that patent when he is sued for infringement by the assignee." *Semiconductor Energy Lab. Co. v. Nagata*, 706 F.3d 1365, 1369 (Fed. Cir. 2013). The doctrine also estops a party in privity with the inventor—that is, a party who "availed itself of the inventor's knowledge and assistance to conduct infringement"—from asserting invalidity as a defense to a charge of infringement. *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 839 (Fed. Cir. 1991).

The present dispute concerns Dr. Walid Aboul-Hosn, the first named inventor of the '100 Patent, which was granted on April 4, 2006. Dr. Aboul-Hosn assigned his rights to Maquet for valid consideration. Maquet contends that Dr. Aboul-Hosn began to work for Abiomed in 2007

---

[1] This case originally concerned infringement of six patents owned by Maquet: U.S. Patent Nos. 7,022,100; 8,888,728; 9,327,068; 9,545,468; 9,561,314; and 9,597,437. As the litigation has progressed, the claims have narrowed to encompass only Claim Limitations 16 and 17 of Patent No. 7,022,100 ("The '100 Patent").

and assisted them in designing the infringing elements of the Impella, which was first sold in the United States in 2008. It contends that Abiomed is in privity with Dr. Aboul-Hosn and is therefore estopped from asserting that the '100 patent is invalid. (Maquet Opp. at 15-17). Abiomed counters that it did not avail itself of Dr. Aboul-Hosn's knowledge and assistance to design the Impella, and that he was hired for unrelated purposes. (Abiomed Reply at 6-7).

The issue at this juncture is not the merits of the dispute, which have been briefed by the parties in cross-motions for partial summary judgment.[2] Instead, the issue is whether Maquet should be permitted to assert an assignor-estoppel theory at all, under Rules 26 and 37 of the Federal Rules of Civil Procedure.

Rule 26(a) states that a party must disclose the name and contact information of any witness likely to have discoverable information, "along with the subjects of that information," that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A). Furthermore, that party must supplement or correct its disclosure in a timely manner if it learns that the disclosure or response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1). Rule 37 states that the appropriate sanction for a party's failure to provide information or identify a witness as required by Rule 26(a) or (e) is preclusion of that information or witness, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

Based on its review of the record, the Court will not preclude Maquet from asserting an assignor-estoppel theory under Rules 26 and 37, and will therefore decide the cross-motions for summary judgment on their merits.

First, it does not appear that Maquet violated Rule 26. It is undisputed that Maquet

---

[2] On April 13, 2020, Abiomed filed a motion for partial summary judgment of invalidity of Claims 16 and 17 of the '100 patent. On the same day, Maquet filed a cross-motion for partial summary judgment on the issue of invalidity, asserting, among other contentions, that the doctrine of assignor estoppel prevents Abiomed from challenging the validity or enforceability of the '100 patent.

disclosed Dr. Aboul-Hosn as a person likely to have discoverable information in its initial Rule 26(a) disclosures, which were served in January 2017, and every set of disclosures thereafter, albeit only as a witness with relevant information about the invention of the patents-in-suit. (Abiomed Mem. at 6).  On August 26, 2019, four days after the deposition of Dr. Aboul-Hosn, Maquet communicated to Abiomed by e-mail that it planned to assert an assignor-estoppel theory in the case based on his testimony.  (Abiomed Mem. at 7-8; Sept. 6, 2019 Letter to Ct. from Maquet). On September 6, 2019, the last day of fact discovery, Maquet supplemented its response to Abiomed's Interrogatory No. 16, which requested information about Maquet's objections to Abiomed's invalidity contentions.  The supplemental response asserted that Abiomed was barred from challenging the validity of the patents-in-suit pursuant to the doctrine of equitable estoppel.  (Abiomed Mem. at 8).

Under the circumstances, although Maquet certainly could have disclosed its assignor-estoppel theory earlier, its conduct did not violate the scheduling order or Rule 26.  It did identify Dr. Aboul-Hosn as a witness in its initial disclosures, as Rule 26(a) requires.  It timely supplemented those disclosures by later informing Abiomed that Dr. Aboul-Hosn had relevant information concerning assignor estoppel, as Rule 26(e) requires.  Maquet's assignor-estoppel theory is an equitable defense to Abiomed's defense of invalidity that it asserted against Maquet's counterclaim of patent infringement.  Because assignor estoppel is a defense to a defense, Maquet was not required to include it in its pleadings or infringement contentions.

Second, even if the Court found that Maquet violated Rule 26(a) or (e) by failing to timely disclose its assignor-estoppel theory, such a failure would not mandate preclusion if it was "substantially justified."  Fed. R. Civ. P. 37(c)(1).  Maquet contends that it was substantially justified in disclosing its theory for the first time on August 26, 2019, because it did not learn of

Dr. Aboul-Hosn's role in the research, design, development, and manufacture of the Impella until his August 22, 2019 deposition. (Maquet Opp. at 6). Abiomed counters that Maquet *should have* learned of Dr. Aboul-Hosn's role far earlier, citing various documents produced in discovery that demonstrate that Maquet knew he worked as a consultant for Abiomed.[3] (Abiomed Mem. at 12). That is beside the point, because those documents do not show that he assisted in the design of the Impella—information critical to Maquet's theory, which Maquet claims came to light only at his deposition.[4] Maquet's assertion that new information about the subject of Dr. Aboul-Hosn's consulting work at Abiomed was elicited during the August 22, 2019 deposition is substantial justification for its August 26, 2019 e-mail disclosure and September 6, 2019 formal disclosure of its assignor-estoppel theory.

Third, preclusion is not a mandatory sanction if the late disclosure is harmless. Fed. R. Civ. P. 37(c)(1). Here, Abiomed would not suffer significant prejudice by Maquet's disclosure of its assignor-estoppel theory at this stage in the litigation. Fact and expert discovery are closed. Dr. Aboul-Hosn has been deposed. Abiomed does not seek additional discovery. And Magistrate Judge Boal has denied Maquet's motion to compel additional discovery concerning its assignor-estoppel theory and its motion for sanctions based on Abiomed's alleged failure to produce documents concerning Dr. Aboul-Hosn. (Nov. 22, 2019 Order on Mot. for Sanctions and Contempt; Nov. 22, 2019 Order on Mot. to Compel).

Furthermore, Maquet has already moved for partial summary judgment on the issue of

---

[3] These documents include the deposition of Dr. Thorsten Siess in October 2018, which revealed that Dr. Aboul-Hosn worked as a consultant for Abiomed; Maquet's deposition notice for Dr. Aboul-Hosn served on Abiomed in August 2018; his LinkedIn page, as of 2017, that showed that he worked as a consultant for Abiomed from 2007-2009; and e-mail correspondence showing that Maquet employees were in contact with Dr. Aboul-Hosn as early as 2016. (Abiomed Mem. at 12).

[4] Unsurprisingly, the parties disagree about how to interpret Dr. Aboul-Hosn's deposition testimony. Abiomed maintains that he did not admit to working on the design of the Impella.

invalidity, asserting its assignor-estoppel defense to Abiomed's invalidity defense. Abiomed has opposed the motion, citing a substantial body of evidence in support of its contentions that Abiomed is not in privity with Dr. Aboul-Hosn, that he had no role in the allegedly infringing conduct, and that therefore assignor estoppel does not apply. (Abiomed Opp. to Maquet Mot. for Partial Summ. J. at 4-13). It thus appears that Abiomed has been able to mount a full rebuttal to the theory based on the discovery already exchanged between parties and the information otherwise in its possession.

Of course, even apart from Rules 26 and 37, basic principles of fairness mandate that Maquet disclose the theory at some reasonable point in the proceeding, to allow Abiomed a fair opportunity to respond. And an unduly late assertion of the theory might require additional discovery, also as a matter of fairness, which would disrupt the case management schedule and lead to undue delays. On balance, however, Maquet's disclosure of its defense satisfies that standard. Again, Abiomed does not seek additional discovery, and Maquet has been precluded from obtaining it by the Magistrate Judge's order. And there is no reason to believe that Abiomed has not been able to respond effectively to Maquet's motion for summary judgment.

In sum, Maquet's disclosure of its assignor-estoppel defense did not violate Rule 26 or any court order; even assuming a late disclosure, it appears to have been justified; and Abiomed will not be substantially prejudiced. The motion to preclude the defense will therefore be denied.

The portion of the motion that seeks to prevent Maquet from requesting additional discovery concerning assignor estoppel will be denied as moot, as Magistrate Judge Boal has already denied Maquet's relevant motions to compel discovery and for discovery-related sanctions. The portion of the motion that seeks to strike Maquet's September 6, 2019 letter to the court will likewise be denied.

For the foregoing reasons, Abiomed's motion to preclude Maquet's assignor-estoppel theory is DENIED.

**So Ordered.**

Dated:  July 22, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court