UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIOMED, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> MAQUET CARDIOVASCULAR LLC, <br><br> Defendant/Third-Party Plaintiff/Counter-Defendant/ Counter-Claimant, <br><br> v. <br><br> ABIOMED EUROPE GMBH, <br><br> Third-Party Defendant, <br><br> v. <br><br> ABIOMED R&D, INC., <br><br> Third-Party Defendant/ Counter-Claimant. | Civil Action No. <br> 16-10914-FDS |

MEMORANDUM AND ORDER
ON MAQUET'S MOTION FOR ENTRY OF FINAL JUDGMENT

**SAYLOR, C.J.**

This is an action for patent infringement. Defendant and counterclaim-plaintiff Maquet Cardiovascular LLC owns six patents directed to guidable intravascular blood pumps and related methods. Plaintiff and counterclaim-defendants Abiomed, Inc.; Abiomed R&D, Inc.; and Abiomed Europe GmbH (collectively, "Abiomed") manufacture the "Impella" line of intravascular blood pumps. Abiomed filed this action seeking a declaratory judgment that its

Impella products do not infringe Maquet's patents and that they are invalid. Maquet has filed a counterclaim seeking a declaratory judgment and damages for infringement. The scope of the case has been narrowed to Claims 16 and 17 of Maquet's Patent No. 7,022,100 ("the '100 patent").[1]

Maquet has also filed a separate action involving a related patent, U.S. Patent No. 9,789,238, which remains pending. *Maquet Cardiovascular LLC v. Abiomed, Inc.*, 17-cv-12311-FDS

On September 30, 2021, the Court granted Abiomed's motion for summary judgment of non-infringement (ECF 472) on the grounds that the Impella products are not literally infringing, nor equivalent under 35 U.S.C. § 112 ¶ 6 or the doctrine of equivalents. At the time, Abiomed had also moved for partial summary judgment of invalidity (ECF 732) on grounds of lack of adequate written description and obviousness based on two combinations of prior art. Maquet had also cross-moved for summary judgment in its favor (ECF 761) based on the doctrine of assignor estoppel and challenges to certain of Abiomed's prior-art references and invalidity and damages theories.

When the Court granted summary judgment of non-infringement, it did not address the two later-filed motions. The clerk terminated those motions as moot.

Maquet now seeks entry of final judgment in order to permit appeal of the Court's memorandum and order to the United States Court of Appeals for the First Circuit. Among other things, it "concedes that it cannot prove infringement of any other claims of the Asserted Patents by Abiomed's products" under the Court's claim construction. (ECF 991 at 3). Abiomed

---

[1] This case originally concerned infringement of six patents owned by Maquet: U.S. Patent Nos. 7,022,100; 8,888,728; 9,327,068; 9,545,468; 9,561,314; and 9,597,437.

opposes the motion, contending that the Court should address the motions concerning invalidity before entering judgment. Abiomed seeks to have the issue of invalidity resolved in order to promote judicial efficiency, so that the Federal Circuit can review both infringement and invalidity in a single appeal. It argues:

> Because Abiomed's pending motion for summary judgment raises three separate grounds of invalidity, each ground is an independent basis on which to dispose of Maquet's claims under the '100 Patent. And the issue of whether assignor estoppel applies (as Maquet contends), or does not (as Abiomed contends), is an important ancillary issue that affects both this case and [the] related case.

(ECF 992 at 3). It further argues as follows:

> But if the Federal Circuit reverses or vacates the Court's non-infringement determination, then a decision that the asserted claims are invalid would provide an independent basis for the Federal Circuit to resolve all issues concerning the '100 Patent. By contrast, in the absence of an invalidity decision, the Federal Circuit would remand the case for the Court to decide Abiomed and Maquet's respective validity motions, and the Court's decisions on those motions would subject to further appeal.

(*Id.*).

Whether a court should decide all litigated issues involves a balance of judicial efficiency, both at the trial and appellate level, and the rights and interests of the parties. In a perfect world, a trial court would resolve all issues, in order to minimize the possibility of successive appeals. Indeed, the Federal Circuit has noted the "useful general rule that trial courts should decide all litigated issues, in the interest of finality." *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1481 (Fed. Cir. 1998) (citations omitted); *see Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327 (1945) (noting that it is "usually" the "better practice" to "inquir[e] fully into the validity of [the] patent"). The court in *Multiform* further noted that if it "had reversed the judgment of non-infringement, the issue of validity would have required remand and decision, perhaps followed by another appeal, and accompanying cost, delay, and

3

inefficiency." 133 F.3d at 1481.

The problem is that trial courts, no less than appellate courts, have limited resources, and in many cases the resolution of all issues will effectively result in a substantial waste of time and resources at the trial level.  To use a simple example, if a claim is clearly barred by the statute of limitations, it is difficult to ascertain what meaningful benefit would result from resolving difficult issues of invalidity and infringement.  Ascertaining the appropriate balance inevitably involves questions of judgment and discretion, tempered with the knowledge that an incorrect decision may well lead to substantial expense and delay.

In any event, both the Supreme Court and the Federal Circuit have clearly indicated that district courts should, under ordinary circumstances, resolve disputed issues of invalidity, even where summary judgment based on non-infringement is appropriate.  With considerable misgivings, the Court will do so here.

Accordingly, the motion for entry of final judgment will be DENIED without prejudice. The clerk is directed to amend the docket to vacate the termination of the two motions that raise invalidity issues (ECF 732 and ECF 761), which will remain pending until resolution by the Court.

**So Ordered.**

Dated: November 2, 2022

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court